In the Matter of Charles Gregory Martin, Bankrupt.

Charles Gregory MARTIN, Plaintiff-Appellee,

v.

FIRST NATIONAL BANK OF MASSILLON, Defendant-Appellant.

No. 76–2260.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 10, 1978.

Decided April 11, 1978.

Thomas W. Kimmins, Snively & Kimmins, Massillon, Ohio, for defendant-appellant.

Donald R. Little, Canton, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, and CELEBREZZE and KEITH, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court affirming a decision of the Bankruptcy Court. The Bankruptcy Court granted a petition by Appellee (the bankrupt) to declare unenforceable a lien held by Appellant on Appellee's car. The Court found the lien to be violative of Ohio's Retail Installment Sales Act, Ohio Rev. Code § 1317.08, which renders unenforceable any retail installment sales contract that includes a charge for financing a "negative equity." *In re Sloan*, 285 F.Supp. 1 (N.D. Ohio 1968). Appellant conceded that its lien was violative of O.R.C. § 1317.08. It argued, however, that Appellee's petition was barred by O.R.C. § 2305.11(A), which sets a one year statute of limitations for any action "upon a statute for a penalty or forfeiture." The Bankruptcy Court rejected this argument, holding that the statute under which Appellee proceeded, O.R.C. § 1317.08, is not a statute for "penalty or forfeiture," since it speaks in terms of "unenforceability," which is a concept distinct from that of penalty or forfeiture. The one year statute of limitations was therefore held inapplicable, and Appellee's petition was allowed under Ohio's more generous six-year statute of limitations, O.R.C. § 2305.07. The Bankruptcy Court subsequently issued an order declaring Appellant's lien unenforceable.

The District Court affirmed the Bankruptcy Court's decision on two alternative grounds. First, the Appellant had failed to file a notice of appeal within ten days of the Bankruptcy Court's order, as required by 11 U.S.C. § 67(c) and Bankruptcy Rule

802(a). The District Court concluded that lack of such timely notice deprived it of jurisdiction to review the Bankruptcy Court's decision. Second, the District Court concluded that even if it had jurisdiction, it would affirm the Bankruptcy Court's interpretation of the Ohio statute of limitations.

We agree with the District Court that it was without jurisdiction to review the Bankruptcy Court's decision. Both 11 U.S.C. § 67(c), and Bankruptcy Rule 803 clearly provide that an order of a Bankruptcy referee "shall become final" where a notice of appeal is not filed within ten days of the order. Here, the notice of appeal to the District Court was filed on May 5, 1976 —over ten days after filing of the Bankruptcy Court order on April 21, 1976. Appellant did not file with the Bankruptcy Court a motion to extend time for appeal pursuant to Bankruptcy Rule 802(c), and there is no evidence in the record that an extension was warranted. The Bankruptcy Court's decision thus became final and unreviewable by the District Court after the ten day period expired. *See In re Benefiel*, 500 F.2d 1219, 1220 (9th Cir. 1974). Appeal to this Court "cannot be substituted" for review in the District Court. *In re Charmar Investment Co.*, 475 F.2d 560, 563–64 (6th Cir.), *cert. den.*, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973).

Because we agree with the District Court's jurisdictional holding, we need not reach the statute of limitations issue.

Affirmed.