PER CURIAM.
 

 Plaintiffs appeal from a district court order reversing a bankruptcy court grant of summary judgment in their favor. Finding that the district court lacked jurisdiction over the appeal, we reverse and remand with an instruction to dismiss.
 

 I.
 

 On October 16, 1978 LBL Sports Center, Inc. (LBL) filed a bankruptcy petition. On November 14, 1979, the Trustee of the bankrupt estate filed an adversary proceeding against the Bank of Cadiz (hereinafter defendant), alleging that the defendant had enjoyed a preference in the bankrupt’s assets. On December 4, 1979, LML Corporation, a substantial creditor of LBL, joined as a party-plaintiff by permission of the bankruptcy court.
 

 On June 6, 1980, the bankruptcy court entered a summary judgment adjudging a preference. Defendant moved for a new trial or to alter or amend judgment. The bankruptcy court overruled defendant’s motion on August 14, 1980.
 

 Defendant alleges that it thereafter mailed a notice of appeal on August 25, 1980; however, the notice of appeal was not filed until August 27, 1980. Plaintiffs moved to dismiss the appeal as untimely. The district court denied plaintiffs’ motion and ordered the submission of briefs on the merits. The district court subsequently reversed the grant of summary judgment and remanded the case to the bankruptcy court for further proceedings.
 

 II.
 

 The district court lacked jurisdiction to reach the merits of the appeal. Rule 801 of the Bankruptcy Rules of Procedure provides in pertinent part:
 

 An appeal from a judgment or order of a referee to a district court shall be taken by filing a notice of appeal with the referee within the time allowed by Rule 802.
 
 [1]
 

 Rule 802(a) provides:
 

 The notice of appeal shall be filed with the referee within 10 days of the date of entry of the judgment or order appealed from.
 

 
 *412
 
 Unless a notice of appeal is filed as prescribed by the above rules, the judgment of the bankruptcy court is final. Bankruptcy Rule 803.
 

 Here the time for filing the notice of appeal began to run on August 14, 1980, when the bankruptcy court overruled defendant’s motion for new trial or amended judgment. Thus the last day for filing a timely notice of appeal was August 25, 1980. Defendant’s notice of appeal, however, was not filed until August 27, 1980. It follows that the judgment of the bankruptcy court became final and unappealable before defendant’s attempted appeal. Bankruptcy Rules 801, 802(a), 803.
 

 Defendant raises several arguments in opposition to this conclusion. First, defendant contends that compliance with the ten-day filing rule is not a jurisdictional requirement but rather is merely a “rule of practice.” However, defendant cites no relevant authority in support of this proposition. This Court and others which have passed on the question have uniformly held that a district court lacks jurisdiction over an appeal that is not timely filed pursuant to Rule 802(a).
 
 See, e.g., Martin v. First National Bank of Massillon,
 
 573 F.2d 958, 959 (6th Cir. 1978);
 
 Matter of Robinson,
 
 640 F.2d 737, 738 (5th Cir. 1981);
 
 Matter of Ramsey,
 
 612 F.2d 1220, 1222 (9th Cir. 1980);
 
 In re W. T. Grant Co.,
 
 425 F.Supp. 565, 567 (S.D.N.Y.1976),
 
 aff’d mem. sub nom. Berger v. Rodman,
 
 559 F.2d 1202, 1206 (2d Cir. 1977).
 

 Defendant next contends that the district court was authorized to hear its appeal pursuant to a finding of “excusable neglect.” There is a provision in the Bankruptcy Rules providing for an extension of the ten-day period on the basis of excusable neglect, but that provision is inapplicable here. Rule 802(c) provides:
 

 The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.
 

 This provision clearly provides that only the
 
 referee
 
 (i.e., the bankruptcy judge) “may extend the time for filing the notice of appeal.” In the instant case, defendant never requested an extension of time from the bankruptcy judge. Rather, defendant merely opposed plaintiffs’ motion to dismiss by alleging, in oral argument before the district court, facts which were claimed to establish excusable neglect.
 
 [2]
 
 The district court erred in passing upon this claim. Under Rule 802(c):
 

 The question of excusable neglect is left to the discretion of the Bankruptcy Court Judge whose decision should not be set aside unless the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment.
 

 Matter of Washington Group, Inc.,
 
 476 F.Supp. 246, 249 (M.D.N.C.1979),
 
 aff’d,
 
 636 F.2d 1215 (4th Cir. 1980),
 
 cert. denied,
 
 452 U.S. 940, 101 S.Ct. 3084, 69 L.Ed.2d 954 (1981). Since no request was directed to the bankruptcy judge, the district court should not have passed upon the claim of excusable neglect in the first instance.
 
 [3]
 
 In
 
 *413
 
 all the reported cases in which the excusable neglect provision of 802(c) is discussed, the courts have assumed that the request for extension was or should have been first directed to the bankruptcy court.
 
 See, e.g., Martin v. First National Bank of Massillon,
 
 573 F.2d 958 (6th Cir. 1978) (jurisdiction lacking because notice filed late and appellant “did not file with the Bankruptcy Court a motion to extend time for appeal pursuant to Bankruptcy Rule 802(c)”);
 
 In re Donnell,
 
 639 F.2d 535 (9th Cir. 1981);
 
 In re Intern. Coating Applicators, Inc.,
 
 647 F.2d 121 (10th Cir. 1981);
 
 Matter of Estate of Butler’s Tire & Battery Co.,
 
 592 F.2d 1028 (9th Cir. 1979);
 
 Matter of Morrow,
 
 564 F.2d 189 (5th Cir. 1977).
 

 Defendant’s final argument is that the filing was timely because it was mailed within the ten-day period. Defendant relies on
 
 Matter of Pigge,
 
 539 F.2d 369 (4th Cir. 1976), which adopted a “mailbox rule” for filing notices of appeal from bankruptcy court judgments. However, the weight of authority rejects the mailbox rule.
 
 See, e.g., Matter of Robinson,
 
 640 F.2d 737, 738 (5th Cir. 1981);
 
 Matter of Ramsey,
 
 612 F.2d 1220, 1223 (9th Cir. 1980);
 
 Matter of Bad Bubba Racing Prods., Inc.,
 
 609 F.2d 815, 816 (5th Cir. 1980);
 
 In re Scheid’s, Inc.,
 
 342 F.Supp. 290, 291 (E.D.Pa.1972);
 
 In re Plotkin,
 
 247 F.Supp. 293, 295 (S.D.N.Y.1965). These courts have emphasized the jurisdictional nature of the ten-day requirement and the fairness of placing the burden of any delay in the mail upon the appellant. We agree with these considerations, and therefore hold that the filing date, not the mailing date, determines whether an appeal is timely filed.
 

 Accordingly, the judgment of the district court is Reversed and the ease Remanded with instructions to dismiss the appeal.
 

 [1]
 

 . Pursuant to the Bankruptcy Reform Act of 1978, references to the “referee” contained in the Bankruptcy Rules are to be read as refer-enees to the bankruptcy judge. Bankruptcy Rule 901(7).
 

 [2]
 

 . Counsel alleged that he planned to file the notice of appeal on August 25, 1980 in U.S. District Court in Paducah, and learned only on said date that he was required to file in the U.S. District Court in Louisville, which he could not reach in time. Defendant’s Brief at 2-3. While we do not reach the question, it appears that the above facts would not establish excusable neglect.
 
 See, e.g., Matter of Estate of Butler’s Tire & Battery Co.,
 
 592 F.2d 1028, 1034 (9th Cir. 1979) (counsel’s misunderstanding of rules does not constitute excusable neglect);
 
 Harlan v. Graybar Electric Co.,
 
 442 F.2d 425 (9th Cir. 1971) (counsel’s misreading of rule does not constitute excusable neglect).
 

 [3]
 

 . The Advisory Committee’s Note to Rule 802 states that it “is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure.” The two provisions parallel one another, differing only in the time limits they impose. Rule 4(a) requires that notice of appeal be filed with
 
 *413
 
 in thirty days of entry of judgment or certain orders, unless the United States is a party. Rule 802(a) establishes a ten-day period. Rule 4(a) allows extensions for up to thirty days. Rule 802(c) allows only twenty-day extensions. Under both rules, extension requests made after the initial period for filing notice of appeal may not be granted without a showing of excusable neglect. Because of the similarities between the two rules, cases construing the timeliness requirements of the general federal appellate rule are helpful in construing Rule 802.
 
 Matter of Estate of Butler’s Tire & Battery Co., Inc.,
 
 592 F.2d 1028, 1031 (9th Cir. 1979).
 

 Defendant’s argument in the instant case is analogous to an argument that defendant, having failed to file a notice of appeal within thirty days of the entry of a district court order, could raise the issue of excusable neglect for the first time in oral argument before this Court and thereby avoid dismissal of its appeal. Our cases construing Fed.R.App.P. 4(a) clearly indicate that such an argument would fail. See,
 
 e.g., Levisa Stone Corp. v. Elkhorn Stone Co.,
 
 411 F.2d 1208, 1209 (6th Cir. 1969) (Court of Appeals cannot waive or extend period for filing appeal).