822 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Patricia Ann WILLIAMS, individually and on behalf of
others similarly situated, Debtor.
Franzana HOLLINS; Jerome Hollins, Jr.; Douglas Williams, II,
by their next friend, Patricia Ann Williams,
Plaintiffs-Appellants,
v.
BOARD OF WATER COMMISSIONERS OF the CITY OF DETROIT,
Defendant-Appellee.
 No. 85-1899
 United States Court of Appeals, Sixth Circuit.
 July 13, 1987.
 
 Before KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The ultimate question in this case is whether the district court properly dismissed the plaintiff's appeal from a bankruptcy court's final judgment. We are not called upon to decide the merit of the plaintiff's claims in the bankruptcy court.
 
 
 2
 The plaintiff filed a petition in bankruptcy in July of 1984. At that time she had several hundred dollars in unpaid water bills, which the defendant (Board of Water Commissioners of the City of Detroit) was apparently attempting to collect. Plaintiff apparently either sued or sought an injunction to prevent or prohibit the Board from collecting the prepetition water charges and/or from turning off her water. The Board ultimately filed a motion to dismiss or for summary judgment. A hearing on the motion was scheduled, but was postponed at the plaintiff's attorney's request. Subsequently, the bankruptcy judge adjourned the hearing to February 21, 1985, and ordered the plaintiff to file a brief by February 21, 1985. He also assessed $250 in costs (still unpaid) against the plaintiff for her procedural failure.
 
 
 3
 On February 21, the plaintiff did not file the brief, but a hearing was nonetheless held. The bankruptcy judge granted the Board's motion for summary judgment on February 26, 1985, and the plaintiff appealed to the district court on March 18, 1985, twenty days later. A few days later, the bankruptcy court clerk sent a notice to the parties stating, in effect, that failure to file in the district court in a timely fashion may be grounds for dismissing the appeal.
 
 
 4
 The district court set a briefing schedule, giving the plaintiff ten days (to April 8, 1985) to file a statement of issues and fifteen days (to April 13, 1985) to file a brief. It is unknown whether the statement was timely filed; the brief was not. On April 29, 1985, the court ordered the plaintiff to show cause why she should not be held in contempt for not paying for the transcript of the bankruptcy court proceedings. The plaintiff later paid for the transcript and the order was dismissed.
 
 
 5
 On May 1, 1985, the Board filed a motion to dismiss the appeal, and the court ordered the plaintiff to respond by May 20, 1985. Her brief in response was not filed on time. The next day, the plaintiff filed a motion to extend time in which to file the brief and a response brief. On July 31, 1985, the district court denied the motion to extend time and granted the Board's motion to dismiss the appeal.
 
 
 6
 Forty-three days later, on September 12, 1985 (thirteen days after the time to appeal to this court had expired), the plaintiff moved to reinstate the appeal and filed a brief in support. The district court denied the motion to reinstate the appeal from the bankruptcy court's decision on October 7, 1985. The plaintiff then filed a notice of appeal to this court thirty days later.
 
 Bankruptcy Rule 8001(a) provides:
 
 7
 An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.
 
 
 8
 11 U.S.C.A. Rule 8001(a) (1984). Rule 8002(a) states that the required 'notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from.' 11 U.S.C.A. Rule 8002(a) (1984). Rule 8002(c) allows the bankruptcy court to 'extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule.' However, '[a] request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, . . ..' 11 U.S.C.A. Rule 8002(c) (1984) (emphasis added).
 
 
 9
 The plaintiff's appeal to the district court was not timely, and the district court did not have jurisdiction to entertain the appeal. In In re LBL Sports Center, Inc., 684 F.2d 410, 412 (6th Cir. 1982) (per curiam), we held that '[u]nless a notice of appeal is filed as prescribed by the above rules, the judgment of the bankruptcy court is final.' In re LBL Sports Center answers the plaintiff's major arguments and holds that failure timely to file an appeal is a jurisdictional defect that is not subject to excusable neglect claims. It determines that the district court lacked jurisdiction either to entertain the appeal or to pass upon the plaintiff's excusable neglect argument.
 
 
 10
 Based upon LBL Sports Center, this appeal must be dismissed, and we find it unnecessary to address any arguments that Bankruptcy Rule 8002(c), Fed. R. Civ. P. 6(b), or Fed. R. App. P. 26, may provide a waiver of this jurisdictional defect.
 
 
 11
 Finally, we note that shortly after the plaintiff's attorney finally filed the brief and joint appendix in this case, the appellee filed an objection to the appendix, a request for sanctions and costs, and a request for this court to dismiss the appeal. The objection essentially outlined the plaintiff's attorney's lack of due diligence and attested to the attorney's failure to include the appropriate documents in the joint appendix. The Board also objected to the plaintiff's inclusion in the joint appendix of matters not in the record.
 
 
 12
 The plaintiff's attorney responded to this motion and argued that there had been a misunderstanding concerning the contents of the joint appendix. He also offered to file a second joint appendix including some documents the Board wanted in the first appendix.
 
 
 13
 We cannot condone the plaintiff's attorney's conduct. It was a model of dilatoriness. He repeatedly filed late pleadings or briefs in the bankruptcy court; he filed late responses to the district court's orders; or he failed to respond. This brought about dismissal of the appeal. He repeatedly was late in his filing requirements in this court, which resulted in a once-dismissed (but subsequently reinstated) appeal. In light of the death of this attorney, however, we do not award costs or penalties against the plaintiff for what was essentially her attorney's conduct. Appellee's motion for costs is therefore denied. This appeal is DISMISSED.