940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stuart GOLD, In re FROSTWAYS, INC., Plaintiff-Appellant,
v.
MERCURIO BROTHERS, INC. (No. 90-2063), Theodoredis & Sons,
Inc. (No. 90-2064), Utica Packing Co. (No.
90-2065), Foodland Inc. (No. 90-2066),
and Badalament, Inc. (No.
90-2067),
Defendants-
Appellees.
 Nos. 90-2063 to 90-2067.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, Chief District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Stuart Gold, trustee for the bankruptcy estate of Frostways, Inc., appeals the district court's dismissal of his appeal from a bankruptcy court order. The district court concluded that it lacked jurisdiction in view of Gold's failure to file a timely notice of appeal. The issue before us is whether the district court abused its discretion in declining to apply an old version of Bankruptcy Rule 9006(a), under which Gold's notice of appeal would have been timely. Finding no abuse of discretion, we affirm.
 
 
 2
 Seeking to recover alleged freight underpayments, Gold brought action against defendants in bankruptcy court. The court entered summary judgment for defendants on April 19, 1990, and Gold filed a notice of appeal to the district court on May 3, 1990. The district court granted defendants' motion to dismiss for lack of jurisdiction, on the ground that Gold failed to file a timely notice of appeal from the bankruptcy court order. Contending that the district court abused its discretion by not treating the May 3, 1990, notice as timely, Gold appeals.
 
 
 3
 A party dissatisfied with a bankruptcy court order generally has ten days from the date of entry of the order within which to file a timely notice of appeal. Bankruptcy Rule 8002(a). As effective on the date the action was commenced, Bankruptcy Rule 9006(a) excluded intermediate weekend days from the calculation of the ten-day period. During the pendency of the action, however, Rule 9006(a) was amended to include intermediate weekend days in the calculation.[1] Thus, Gold's notice of appeal was timely under the old version of Rule 9006(a) but untimely under the new version. Absent a timely notice of appeal, the district court lacked jurisdiction to hear the appeal. See In re LBL Sports Center, Inc., 684 F.2d 410, 412 (6th Cir.1982).
 
 
 4
 The amendment took effect on August 1, 1989, and governs "all proceedings in bankruptcy cases thereafter commenced and insofar as just and practicable, all proceedings in bankruptcy cases then pending." See H.R. Doc. 54, 101st Cong., 1st Sess. (April 25, 1989); 57 U.S.L.W. 4463 (May 2, 1989) (emphasis added). Consequently, the timeliness of Gold's appeal hinges upon whether it would have been just and practicable for the court to apply the amended version of Rule 9006(a).
 
 
 5
 Gold offers no argument in support of his claim that the district court abused its discretion in applying amended Rule 9006(a) except that there "are ... ubiquitous confusions which surround the continually changing nature of the Bankruptcy Rules" and that it would be preferable to reach the merits of the underlying controversy.
 
 
 6
 As the district court noted, the new version of Rule 9006(a) had been in effect for nine months at the time Gold filed his notice of appeal, and Gold's counsel were experienced bankruptcy attorneys. Given as much, and given the reasons advanced by Gold for not applying the applicable rule, the district court was justified in concluding that it was both just and practicable to apply the new version. Accordingly, we think the court did not abuse its discretion in dismissing the appeal for lack of a timely notice of appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The old version of Rule 9006(a) excludes weekend days where the prescribed period is less than eleven days, while the new version of the rule excludes weekend days only where the prescribed period is less than eight days