959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re John SHEWCHUN, Debtor.
BROWN UNIVERSITY, Plaintiff-Appellee,
v.
John SHEWCHUN, Defendant-Appellant.
 No. 91-2277.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and REAVLEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 John Shewchun, pro se, appeals from the district court's order denying his motion for reconsideration of the district court's order dismissing this case for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The district court dismissed the case on the basis that Bankruptcy Rule 8002(a) requires that "the notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Because Shewchun filed his notice of appeal beyond the 10-day limit, the court ruled that it had no appellate jurisdiction over the matter. Thereafter, Shewchun filed a motion for reconsideration, which was served on July 30, 1991. The district court denied this motion for reconsideration, by order filed October 23, 1991.
 
 
 3
 Upon review, this court concludes that the district court properly dismissed the case for lack of subject matter jurisdiction. The time frame for filing an appeal under Bankruptcy Rule 8002 is jurisdictional and the time limits set by this rule may not be extended other than through the procedure provided for in Rule 8002(c). See 28 U.S.C. § 158; Jerningham v. Humphreys, 868 F.2d 846, 847 (6th Cir.1989); LBL Sports Center, Inc. v. Cadiz, 684 F.2d 410, 412 (6th Cir.1982) (per curiam). In this case, the record shows that Shewchun never requested from the bankruptcy court an extension of time for filing a notice of appeal. Because such a request, with reasons therefore, must first be presented to the bankruptcy court, the district court was correct in finding that it could not pass upon any claim of excusable neglect for failing to timely file a notice of appeal. LBL, 684 F.2d at 412.
 
 
 4
 Moreover, Shewchun's argument that he should be excused from his untimely filing because of the bankruptcy court's misinformation that he actually had 30 days to file an appeal is without merit. This court has recently held that, although pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), there is no cause for extending this lenient standard to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, No. 90-1850, slip op. at 2 (6th Cir. December 16, 1991). The requirements for filing a notice of appeal from a bankruptcy judgment are clear under the statute and bankruptcy rules, and no sophisticated legal interpretation is necessary in order to understand that such an appeal must be filed within 10 days of the date of the order.
 
 
 5
 Lastly, it is not necessary or appropriate for this court to grant or deny Shewchun's motion to confirm the bankruptcy court's order to stay judgment pending an appeal in this case. Because this court now upholds the district court's decision to dismiss this matter for lack of jurisdiction, the determination of whether to continue or lift the stay of judgment now lies with the bankruptcy court who issued that original order.
 
 
 6
 Accordingly, the district court's order dismissing this case for lack of subject matter jurisdiction is hereby affirmed, and the appellant's motion to confirm the stay of judgment is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge for the Fifth Circuit, sitting by designation