996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re REVCO D.S., INC., Debtor.
David A. KERSH, Plaintiff-Appellant,
v.
REVCO D.S., INC., Defendant-Appellee.
 No. 92-4202.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before BATCHELDER, Circuit Judge; BROWN, Senior Circuit Judge, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 David A. Kersh appeals a district court judgment dismissing his bankruptcy appeal for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kersh filed a proof of claim in Revco's bankruptcy and Revco objected to that claim. The bankruptcy court sustained Revco's objection and disallowed the claim. Kersh moved the bankruptcy court to rehear the order disallowing his claim. On April 3, 1992, the bankruptcy court denied his motion. On May 4, 1992, Kersh submitted a notice of appeal from the bankruptcy court's decision. However, Kersh failed to pay the required filing fee and the notice of appeal was not filed until May 27, when he paid the fee.
 
 
 4
 In the district court, Revco moved to dismiss the appeal for lack of jurisdiction because Kersh's notice of appeal was untimely. In a marginal notation, the district court granted Revco's motion. Two days after the district court granted Revco's motion, Kersh filed a motion to extend the time for him to respond to Revco's motion to dismiss. In another marginal notation, the district court denied this motion as moot.
 
 
 5
 Initially, we conclude that the court has jurisdiction over this appeal. We construe Kersh's motion to extend time as a time-tolling motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). Kersh's appeal from the order denying this motion is sufficient to confer jurisdiction on this court over the underlying judgment. See Fed.R.App.P. 4(a)(1) and (4).
 
 
 6
 Upon review, we conclude that the district court properly dismissed Kersh's bankruptcy appeal. As Kersh did not file a timely notice of appeal within the ten days required by Bankr.Rule 8002(a), the district court lacked jurisdiction over the appeal. See In re LBL Sports Center, Inc., 684 F.2d 410, 412-13 (6th Cir.1982) (per curiam).
 
 
 7
 As we believe that Kersh's appeal is entirely frivolous, unreasonable and without foundation, we hereby grant Revco's request for sanctions and direct Kersh to pay Revco its reasonable attorney fees and single costs pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 8
 Accordingly, we deny Revco's motion to dismiss, grant its request for sanctions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation