94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Charles L. WEILER, d/b/a Weiler Fruit Farms, Debtor.
Charles L. WEILER, Appellant,
v.
FIRST UNION HOME EQUITY CORPORATION, Appellee.
 No. 95-4221.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Charles L. Weiler moves for pauper status on appeal from a district court judgment dismissing for lack of jurisdiction his untimely appeal taken from an order of the bankruptcy court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Weiler is the former owner of a fruit farm in Dayton, Ohio. First Union Home Equity Corporation (First Union) filed a foreclosure action in state court after Weiler fell behind in payments on a mortgage it held. First Union obtained a judgment against Weiler and the state court ordered the subject farm property sold at a sheriff's sale. Apparently, appraisal of the property for the sale required First Union to procure an expensive environmental hazard evaluation. Prior to the sale, Weiler filed the instant Chapter 12 farm bankruptcy petition in the bankruptcy court in April 1994.
 
 
 4
 Thereafter, Weiler filed a motion to extend the time to file his bankruptcy plan, and First Union filed an objection and a motion for relief from the automatic stay. Also, the bankruptcy trustee filed an objection to Weiler's motion and a motion to dismiss the bankruptcy proceeding on the ground that Weiler did not qualify for bankruptcy protection under Chapter 12. The bankruptcy court convened a hearing on the pending motions on August 30, 1994, but attorneys for First Union and Weiler informed the court that they had reached a settlement of the case. Weiler attended the hearing and informed the court that he understood the terms of the agreement as discussed during the hearing. On September 15, 1994, the bankruptcy court entered an agreed order signed by counsel which set out the terms of the settlement agreement. On September 30, 1994, Weiler filed pro se a motion for relief from the agreed order. The bankruptcy court had not ruled on the motion for relief when Weiler filed his notice of appeal to the district court on December 1, 1994.
 
 
 5
 Next, the district court entered an order dismissing Weiler's appeal as untimely. Weiler moved the district court for relief from its judgment, and the district court denied the motion. The district court then entered its separate judgment in the case, and this timely appeal followed. On appeal, Weiler moves for pauper status, requests oral argument, and contends that: (1) his failure to file a timely notice of appeal was due to excusable neglect; and (2) he did not agree to the bankruptcy settlement. First Union responds that: (1) Weiler's appeal to the district court was untimely; and (2) Weiler has engaged in a course of abusive litigation. In his reply brief, Weiler contends that appellee's counsel in a disclosure filed pursuant to Rule 25, Rules of the Sixth Circuit, intentionally misrepresented that First Union is not a subsidiary of a publicly-owned corporation.
 
 
 6
 Upon consideration, we affirm the district court's judgment because Weiler's notice of appeal taken from the bankruptcy court's judgment was filed beyond the ten day appeal period. See Bankruptcy Rule 8002(a). We note that Weiler's motion for relief from the bankruptcy court's order did not toll the appeal period in this case, see Bankruptcy Rule 8002(b) & 9006(a), and Weiler has abandoned this claim on appeal in any event. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Accordingly, the claim is not reviewable.
 
 
 7
 Under these circumstances, this court need not review Weiler's claims on appeal. However, we note that the claim that Weiler's failure to file a timely notice of appeal was due to excusable neglect was not properly before the district court because Weiler did not first seek in the bankruptcy court an extension of time in which to file his notice of appeal. See Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.), 684 F.2d 410, 412-13 (6th Cir.1982). In addition, the transcript of the bankruptcy court's hearing belies Weiler's contention that he did not agree to the settlement of this case in that court. Finally, Weiler's contention that counsel intentionally misrepresented First Union's corporate status is unsupported and has no bearing on the merits of this appeal.
 
 
 8
 Accordingly, the motion for pauper status is granted solely for the purpose of deciding this appeal, the request for oral argument is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation