206 B.R. 645 (1997)
BANK OF BOSTON, Appellant,
v.
Luis and Doris SUAREZ, Appellees.
BAP No. 97-50013.
United States Bankruptcy Appellate Panel of the Second Circuit.
April 4, 1997.
A.M. DiPietro, New Haven, CT, M.J. McGowan, Salter, McGowan & Schwartz, *646 Boston, MA, for Bank of Boston, Appellant and Movant.
Before CONRAD, KAPLAN and HARDIN, Bankruptcy Judges.
ORDER DIRECTING TRANSFER OF APPEAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Summary
Boston moves for an order transferring this appeal from the Bankruptcy Appellate Panel Service for the Second Circuit ("BAP") to the United States District Court for the District of Connecticut. We grant the motion because the Notice of Appeal, on its face, unambiguously requested an appeal to the District Court.

Discussion
Boston, on March 5, 1997, timely filed a Notice of Appeal ("the Appeal") with the United States Bankruptcy Court for the District of Connecticut, from a February 26, 1997, ruling of that court. They did not accompany the Appeal by the separate piece of paper specifically noting an election to have the appeal heard by the District Court. BAP Rule 8001.1
Boston threatens in its Motion to Transfer to challenge the validity and enforceability of at least that portion of our rules that require the election to transfer to the District of Connecticut. It argues with much puffery and bravado about the legitimacy of our right to make BAP rules when it appears from the record that they either did not read the BAP rules or plainly flouted it. Alternatively, it is possible Appellant's counsel was not even aware of the BAP and allowed its word processors mindlessly to process a pro forma Notice of Appeal.
It is not necessary to our Order today to rule on the right of a judicial tribunal to regulate proceedings before it through local rules, or in this instance the specific requirement for a separate paper. Not to allow the transfer to the District Court when the Appeal unambiguously requested it would exalt form over substance although in some instances form has substance. In this instance, the separate paper rule has as a purpose, among many, to relieve the Clerk of the Bankruptcy Court from the duty of having to ascertain by reading the Notice of Appeal to what court an appellant is appealing.
Accordingly, IT IS ORDERED that Appeal No. 97-50013 be transferred to the District Court for the District of Connecticut.