**In re Howard R. LINDER, Debtor.**

**BAP Nos. 97–8097, 97–8098.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Decided Jan. 29, 1998.

Before RHODES, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## MEMORANDUM DECISION ON OR- DERS DENYING APPELLANT'S MOTION TO REMAND APPEAL TO DISTRICT COURT AND DISMISS- ING RELATED APPEAL *SUA SPONTE*

On appeal is the bankruptcy court's denial of the Appellant's motion to reopen a Chapter 7 case. The Appellant timely filed a notice of appeal, docketed as Case No. 97–8097. The Appellant subsequently filed a document purporting to be an amended notice of appeal. This document was assigned Case No. 97–8098. The Appellant also filed a Motion to Remand Case to District Court, seeking to have the appeal transferred from the Bankruptcy Appellate Panel of the Sixth Circuit to the United States District Court for the Northern District of Ohio. At the time the Appellant filed the initial appeal, he failed to comply with 28 U.S.C. § 158(c)(1)(A) and 6th Cir. BAP LBR 8001-3, which require the Appellant to file a separate written statement of election at the time the appeal is filed in order for the appeal to be heard in district court. Accordingly, we deny the Appellant's Motion to Remand. Further, because the document assigned Case No. 97–8098 was not filed within 10 days of the order appealed from as required by Bankruptcy Rule 8002(a), we dismiss *sua sponte* Case No. 97–8098 for lack of appellate jurisdiction. The Appellant may proceed with Case No. 97–8097 before the Bankruptcy Appellate Panel.

## I. ISSUES PRESENTED

The following issues are presented:

1. Whether an appellant, who is appearing *pro se*, may proceed in the district court when the election required by 28 U.S.C. § 158(c)(1)(A) and 6th Cir. BAP LBR 8001-3 to have the appeal heard in district court is not filed at the time of filing the appeal.

2. Whether the three-judge Panel hearing this appeal has a conflict of interest in presiding over an appeal from an order entered by a bankruptcy judge who also has been appointed to the Bankruptcy Appellate Panel of the Sixth Circuit but who will have no part in the determination of this appeal.

3. Whether the Panel has jurisdiction over issues related to a pending appeal when the notice of appeal giving rise to the related issues was not timely filed.

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel of the Sixth Circuit. Accordingly, the Panel has jurisdiction over the appeals of final orders entered by bankruptcy courts in the Northern District of Ohio. 28 U.S.C. § 158(a) and (c).

 "For purposes of appeal, an order is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Belfance v. Black River Petroleum (In re Hess )*, 209 B.R. 79, 80 (6th Cir. BAP 1997) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989)). An order denying a motion to reopen a bankruptcy case is a final order. *See, e.g., Madden v. NBD Mortgage Co. (In re Madden)*, 897 F.2d 529 (6th Cir.1990) (deciding appeal of a bankruptcy court's denial of a debtor's motion to reopen his bankruptcy case).

## III. FACTS

Terry Shane Metzenbaum ("the Appellant"), appearing *pro se,* appeals from an order of the United States Bankruptcy Court for the Northern District of Ohio entered on August 28, 1997 which denied the Appellant's motion to reopen a Chapter 7 case. The order was entered by a bankruptcy judge who has also been appointed to the Bankruptcy Appellate Panel of the Sixth Circuit. On September 5, 1997, the Appellant filed a "Notice of Appeal" which states that the Appellant "hereby appeals to the District Court from the final order of the bankruptcy court entered in this action the 27th day of August, 1997." The Appellant did not file a separate written statement of election to have the appeal heard in district court. The Notice of Appeal was docketed as Case No. 97–8097.

On September 17, 1997, the Appellant filed a document titled "Amended Notice of Appeal" which is identical to the Notice of Appeal filed on September 5, 1997 except that the Amended Notice also provides telephone numbers for counsel involved in the case. Also on September 17, 1997, the Appellant filed an "Election for the District Court Determination of Appeal" in which the Appellant requests that the appeal "be heard in the United States District Court for the Northern District of Ohio, pursuant to 6th Cir. BAP LBR 8001–3." The Amended Notice of Appeal and the accompanying Election for the District Court Determination of Appeal were docketed as Case No. 97–8098.

In Case No. 97–8097, the Appellant filed a "Motion to Remand Case to District Court" on October 20, 1997. The Appellant argues that his Election for the District Court Determination of Appeal was effective as an election to have the appeal heard in the district court notwithstanding that it was filed 12 days after the Notice of Appeal. The Appellant further argues that the Panel has an inherent conflict of interest in hearing an appeal from an order entered by a bankruptcy judge who also has been appointed to the Bankruptcy Appellate Panel. The Appellant's Motion to Remand was unaccompanied by any legal memoranda in support of the Motion or by any factual support for the Appellant's allegation of a conflict of interest.

In Case No. 97–8098, the Panel entered an order on November 5, 1997 requiring the Appellant to show cause why Case No. 97–8098 should not be dismissed for lack of jurisdiction because it was not filed within 10 days of the order appealed from as required by Federal Rule of Bankruptcy Procedure 8002(a). On November 21, 1997, the Appellant filed an "Answer to Show Cause Order Dated November 5, 1997" which essentially argues that the Amended Notice of Appeal and the Election for the District Court Determination of Appeal should have been filed in Case No. 97–8097 and that a new case, Case No. 97–8098, should not have been opened.

To expeditiously determine the overlapping issues presented by the Appellant's various filings in Case No. 97–8097 and Case No. 97–8098, the Panel will consider the Appellant's Motion to Remand and the Appellant's response to the Show Cause Order, along with all filings made by the Appellant in both cases, together in a single decision. This single decision will be the basis for separate orders entered in Case No. 97–8097 and Case No. 97–8098.

## IV. DISCUSSION

### 1. Timely Separate Written Election.

█ An appeal of the final order of a bankruptcy court is authorized under 28 U.S.C. § 158. Where a district court has authorized bankruptcy appeals to be heard by a bankruptcy appellate panel, all appeals are required to be heard by the bankruptcy appellate panel for that circuit unless the appellant or any other party [1] elects to have the appeal heard in the district court. Section 158(c) provides:

> (c)(1) Subject to subsection (b), each appeal under subsection (a) shall be heard by a 3-judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless—
>
> (A) the appellant elects at the time of filing the appeal; or

1. No other party has made an election to have the appeal heard in the district court.

(B) any other party elects, not later than 30 days after service of notice of the appeal;

to have such appeal heard by the district court.

(2) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

28 U.S.C. § 158(c).

The procedure an appellant must follow to make the election provided for in 28 U.S.C. § 158(c)(1)(A) is set forth in the rules adopted by the United States Court of Appeals for the Sixth Circuit, specifically in Sixth Circuit Bankruptcy Appellate Panel Local Rule 8001-3:

(a) Written Statement of Election Required. In districts that have authorized appeals to the BAP, every appeal filed in the bankruptcy court shall be heard by the Bankruptcy Appellate Panel of the Sixth Circuit unless—

(1) at the time of filing the appeal or cross-appeal, the appellant or cross-appellant files with the clerk of the bankruptcy court a separate written statement of election to have the appeal heard by the district court[.]

6th Cir. BAP LBR 8001-3.[2]

■ The Sixth Circuit has made clear that courts must construe statutes and rules in accordance with their plain meaning. "Statutes, regulations, and rules of the court must be read in a 'straightforward' and 'commonsense' manner. When we can discern an unambiguous and plain meaning from the language of a rule, our task is at an end." *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir.1997) (citation omitted).

■ The language of Local Rule 8001-3, when read in a straightforward and common-sense manner, conveys an unambiguous and plain meaning: an appellate must file a separate document electing to have the appeal heard by the district court instead of the BAP when the appeal is filed—not later. By requiring an appellant to file a separate document in order to opt out of review by the BAP, the Clerk is relieved of the difficulty of discerning the appellant's intentions from the language used in the notice of appeal, and the appellate proceedings of the BAP and the district court are relieved of the burden of unnecessary, costly, and time-consuming jurisdictional determinations which delay merit resolutions of the parties' disputes.

The Appellant's Election for the District Court Determination of Appeal, filed 12 days after the Notice of Appeal, does not satisfy the requirements of Local Rule 8001-3. Accordingly, the Congressional mandate set forth in 28 U.S.C. § 158(c)(1)(A), as implemented by Sixth Circuit Bankruptcy Appellate Panel Local Rule 8001-3, requires that this appeal be heard by the Bankruptcy Appellate Panel. *See Arkansas Teachers Retirement Sys. v. Official Inv. Pool Participants Comm. (In re County of Orange )*, 183 B.R. 593 (9th Cir. BAP 1995) (reaching the same conclusion in overruling an appellant's objection to the Ninth Circuit Bankruptcy Appellate Panel's jurisdiction where the appellant failed to comply with a BAP local rule requiring a separate written statement of election at the time of filing the appeal). *But see Bank of Boston v. Suarez*, 206 B.R. 645 (2nd Cir. BAP 1997) (disregarding local rule requiring a separate document because "Not to allow the transfer to the District Court when the [Notice of] Appeal unambiguously requested it would exalt form over substance although in some instances form has substance."). This Panel must respectfully disagree with the reasoning and conclusion of *Suarez*. For this Panel to hold otherwise would contravene the plain meaning of 28 U.S.C. § 158(c)(1)(A) and Local Rule 8001-3, and would run counter to Supreme Court and

---

**2.** The Sixth Circuit Bankruptcy Appellate Panel's Local Rule is consistent with recent amendments to Bankruptcy Rule 8001 which became effective after this appeal was filed. Effective December 1, 1997, Bankruptcy Rule 8001(e) provides:

An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1).

Fed.R.Bankr.P. 8001(e).

Sixth Circuit precedent requiring courts to apply statutes and rules in accordance with their plain meaning. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Rogers v. Laurain (In re Laurain),* 113 F.3d 595 (6th Cir.1997); *Andersson v. Security Fed. Sav. and Loan (In re Andersson),* 209 B.R. 76 (6th Cir. BAP 1997).

The Panel recognizes that the Appellant in this instance is proceeding *pro se* and that *pro se* litigants, in some instances, may be accorded a measure of latitude not ordinarily extended to attorneys. However, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). *See also Owens v. United States Bankruptcy Court (In re Owens),* 129 F.3d 1264 (6th Cir.1997) (relying on *Jourdan* in affirming a district court's dismissal of a *pro se* appeal where the appellant failed to timely file the appeal under Bankruptcy Rule 8002); *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

Sophisticated legal issues are not presented by the separate document requirement of Local Rule 8001–3. The Rule's mandate that "every appeal filed in the bankruptcy court shall be heard by the Bankruptcy Appellate Panel of the Sixth Circuit unless ···· at the time of filing the appeal … the appellant … files with the clerk of the bankruptcy court a separate written statement of election to have the appeal heard by the district court[,]" 6th Cir. BAP LBR 8001–3(a)(1), sets forth "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan,* 951 F.2d at 109. Accordingly, the Appellant's status as a *pro se* litigant does not relieve him from the requirements of Local Rule 8001–3.

## 2. Conflict of Interest.

The Appellant has further asserted that the Panel has an inherent conflict of interest when hearing an appeal from a bankruptcy judge who also has been appointed to the Bankruptcy Appellate Panel. The Appellant offers no legal or factual support for his allegation.

Congress acknowledged the issue raised by the Appellant and determined it in the legislation authorizing the bankruptcy appellate panels.

An appeal to be heard under this subsection shall be heard by a panel of 3 members of the bankruptcy appellate panel service, *except that a member of such service may not hear an appeal originating in the district for which such member is appointed or designated under section 152 of this title.*

28 U.S.C. § 158(b)(5) (emphasis ours).

■ The bankruptcy judge from the Northern District of Ohio whose order is being appealed is a member of the Bankruptcy Appellate Panel of the Sixth Circuit. However, neither that judge, nor any other judge from the Northern District of Ohio, is a member of the three-judge Panel hearing this appeal. Accordingly, the Appellant's allegation of a conflict of interest is without merit.

■ The Panel further notes that Congress has previously addressed the issue of a federal trial judge's participation in appellate review when it enacted 28 U.S.C. § 292(a), which provides for a district judge's service as part of a circuit panel. In such circumstances, a district judge is prohibited from hearing an appeal from the district judge's own docket but not from hearing an appeal from other judges in that same district. 28 U.S.C. § 47. Such precision by Congress in enacting legislation governing federal trial judges' participation in appellate service forecloses the argument advanced by the Appellant that a conflict exists when this Panel is acting in accordance with specific statutory authorization.

## 3. Untimely Notice of Appeal.

■ Bankruptcy Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." FED.R.BANKR.P. 8002(a). "Cases in-

terpreting Rule 8002 hold that the rule shall be strictly construed and that timely filing is a jurisdictional requirement." *Owens v. United States Bankruptcy Court (In re Owens)*, 129 F.3d 1264, 1264 (6th Cir.1997) (citing *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.)*, 684 F.2d 410, 412 (6th Cir.1982) and *Martin v. First Nat'l Bank of Massillon*, 573 F.2d 958, 959 (6th Cir.1978)). *See also Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3rd Cir.1997); *Crockett v. Lineberger*, 205 B.R. 580, 581 (8th Cir. BAP 1997). Jurisdictional prerequisites may be raised by appellate courts *sua sponte. Millers Cove Energy Co., Inc. v. Moore (In re Millers Cove Energy Co., Inc.)*, 128 F.3d 449, 450 (6th Cir.1997).

 In this case, the order which is the subject of this appeal was entered by the bankruptcy court on August 28, 1997. The Amended Notice of Appeal, which gave rise to Case No. 97–8098, was filed 20 days later on September 17, 1997. The Amended Notice of Appeal was not timely filed pursuant to Bankruptcy Rule 8002(a). The Panel thus lacks jurisdiction to entertain this appeal, and Case No. 97–8098 must be dismissed.

The dismissal of Case No. 97–8098, however, has no effect on the Appellant's right to proceed in Case No. 97–8097. The Panel notes that the Appellant himself argues that the materials filed in Case No. 97–8098 should have instead been filed in Case No. 97–8097. The Panel has considered all materials filed in both cases in ruling on the Appellant's Motion to Remand and the Appellant's response to the Show Cause Order.

### V. CONCLUSION

The Appellant's Motion to Remand Case to District Court is **DENIED**, and the Appellant may proceed with Case No. 97–8097 under the jurisdiction of the Bankruptcy Appellate Panel. Case No. 97–8098 is **DISMISSED**.