JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal from the trial court's order granting a motion for class certification. Plaintiff-appellant North Shore Auto Sales, Inc. d.b.a. J.D. Byrider ("J.D. Byrider") instituted this action against defendant-appellee Andrew V. Block ("Block") to recover money due and owing as a result of Block's alleged default under a Retail Installment Sales Agreement executed in connection with his purchase of a car. Block filed a third-party complaint on behalf of himself and all others similarly situated against J.D. Byrider and Car Now Acceptance Co. ("CNAC")[1] for alleged violations of Ohio's Retail Sales Installment Act ("RISA"). Block sought certification of a class on an action against CNAC for providing defective notices under R.C. 1317.12
and certification of another class on an action under R.C. 1317.08
against both CNAC and J.D. Byrider for violations of R.C. 1317.061. The court granted Block's motion to certify a class action. For the reasons that follow, we affirm.
 {¶ 2} Block purchased an automobile from J.D. Byrider on February 3, 1996 and obtained financing for it from CNAC. J.D. Byrider disclosed that the Annual Percentage Rate (APR) for his financing would be 25%. In addition, it was disclosed that part of the "Amount Financed" would include a $35.00 charge for Vendor's Single Interest ("VSI"). In April 1997, Block voluntarily returned his vehicle to J.D. Byrider because he could no longer afford to make the monthly payments. On April 17, 1997, CNAC issued a notice of repossession, which, among other things, informed Block that he had ten days to cure his default.
 {¶ 3} Block sought certification of two separate classes: a "Defective Notice Class"; and a "Usury Class." In particular, Block contended that CNAC's notice of repossession form violated R.C. 1317.12
by, inter alia, shorting the statutory time to cure the default. Block further contended that the $35.00 VSI charge should have been included as a component of the finance charge rather than as part of the amount financed, which would push the APR beyond the 25% maximum interest rate that may be charged in a retail installment sale agreement. The court granted Block's motion to certify these classes. From this ruling, appellants assign three errors for our review.
 {¶ 4} "I. The trial court erred in holding that the Ohio Retail Sales Installment Act 1317.01, et seq., has a statute of limitations of six (6) years."
 {¶ 5} Appellants contend that the application of the one-year statute of limitations found in R.C. 2305.11 would render the trial court's decision to certify these classes an abuse of discretion. We do not reach this contention since we find that the trial court properly applied the six-year statute of limitations found in R.C. 2305.07.
 {¶ 6} The provisions of RISA do not specify a statute of limitations, therefore, we must look to Chapter 2305 of the Revised Code for the appropriate limitations period. Cosgrove v. Williamsburg ofCincinnati Management Company Inc. (1994), 70 Ohio St.3d 281, 282. The trial court applied the six-year statute of limitations of R.C. 2305.07
to Block's claims under RISA. Appellants, however, argue that the one-year statute of limitations contained in R.C. 2305.11 should apply to RISA.
 {¶ 7} R.C. 2305.07 provides in relevant part that, "an action upon * * * a liability created by statute other than a forfeiture or penalty * * * shall be brought within six years after the cause of action accrued." A one-year limitation period applies under R.C. 2305.11 to "an action upon a statute for a penalty or forfeiture." Thus, the issue becomes whether RISA creates a statutory liability or whether RISA is a statute for penalty or forfeiture. Cosgrove, supra; see, also, Jenkins v.Fidelity Financial Services of Ohio (Dec. 2, 1999), Cuyahoga App. No. 75439.
 {¶ 8} We begin by noting that most legislation "`has a dual purpose of remedying harm to the individual and deterring socially inimical business practices. * * * Therefore, the Court must determine whether the primary purpose of the Act is more like a penalty or a remedial action * * *.'" Cosgrove, 70 Ohio St.3d at 288, quoting Porterv. Household Finance Corp of Columbus (S.D.Ohio 1974), 385 F. Supp. 336,340 (discussing the test used to determine transferability of debtor's right of action under the federal Truth-in-Lending Act).
 {¶ 9} In this case, the parties both refer us to Teegardin v.Foley (1957), 166 Ohio St. 449 and Glouster Community Bank v. Winchell
(1995), 103 Ohio App.3d 256. While neither case addressed the limitations period applicable to RISA, they both explicitly recognized the remedial purpose of the Act. Teegardin, 166 Ohio St. at 453 ("Chapter 1317 was enacted by the General Assembly in order to correct certain abuses existing in the field of dealer participation in the financing of sales made on the installment plan, which were so common, and that the abuses directly responsible for the legislation centered in the area of sales of automobiles, both new and used."); accord Johns v. Ford Motor CreditCompany (1990), 49 Ohio St.3d 84, 87; Glouster, 103 Ohio App.3d at 264
("RISA * * * [was] passed by the legislature to provide broad protection for consumers and to punish sellers who violate the Act.")
 {¶ 10} An Ohio court that has addressed this issue applied the six-year statute of limitations to Ohio's RISA. Pyles v. Johnson (June 5, 2000), Ohio C.P. No. 99 CV 172. Likewise, in 1978, the Sixth Circuit Federal Court held that Ohio's Retail Installment Sales Act is not a statute for "penalty or forfeiture" and thus applied the six-year statute of limitations found in R.C. 2305.07. Martin v. First National Bank ofMassilon (1978), 573 F.2d 958.[2] Besides these cases, none of the other cases cited by the parties directly analyze this particular issue.[3]
 {¶ 11} We agree with appellants that a statute may include both remedial and penal/forfeiture aspects. However, the decisive factor is the primary purpose of the Act. Based on the foregoing, we find that the primary purpose of RISA is remedial in nature (albeit with incidental forfeiture/penalty consequences). Consequently, the trial court did not abuse its discretion in applying the six-year statute of limitations contained in R.C. 2305.07 to RISA and this assignment of error is overruled.
 {¶ 12} "II. The trial court erred in holding that common questions of law and fact predominate over individual questions of law and fact pursuant to Ohio Civil Rule 23(B)(3)."
 {¶ 13} A trial court has broad discretion in determining whether to certify a case as a class action. Marks v. C.P. Chemical Co. (1987),31 Ohio St.3d 200. An appellate court will not reverse a class action determination absent an abuse of discretion. Id. An abuse of discretion is more than a mere error of judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Ojalvo v. Bd. of Trustees of Ohio State Univ. (1984), 12 Ohio St.3d 230,232.
 {¶ 14} A trial court which routinely handles case-management problems is in the best position to analyze the difficulties which can be anticipated in litigation of class actions. Marks at 201. Thus, where a trial court carefully applies the class action requirements, conducts a rigorous analysis into whether they have been satisfied, and cogently articulates its reasons for making its finding, its order should be affirmed. See, e.g., Hamilton v. Ohio Sav. Bank, supra.
 {¶ 15} Before an action may be certified as a class action, the trial court must make seven affirmative findings: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all the members is impracticable (numerosity); (4) there must be questions of law or fact common to the class (commonality); (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality); (6) the representative parties must fairly and adequately protect the interests of the class (adequacy); and (7) one of the three Civ.R. 23(B) requirements must be met. Hamilton v. Ohio Sav. Bank
(1998), 82 Ohio St.3d 67; see, also, Civ.R. 23(A) and (B); Warner v.Waste Mgt., Inc. (1988), 36 Ohio St.3d 91.
 {¶ 16} In the fifteen-page opinion accompanying the court's decision, the trial court set forth the facts of the case, carefully examined the relevant legal standards, and determined that Block had satisfied the express requirements of Civ.R. 23(A)(1), (2), (3), (4) and Civ.R.23(B)(3). Under this assignment of error, appellants contend that the trial court abused its discretion in finding that common questions of law and fact predominate over individual questions of law and fact under Civ.R. 23(B)(3).
 {¶ 17} The trial court set forth a detailed analysis in support of its findings under Civ.R. 23(B)(3), which we adopt herein by reference. In particular, the court held that a six-year statute of limitations applies to Block's RISA claims, which we have affirmed previously herein. The definition of each class is correspondingly limited to individual claims falling within a six-year period. Therefore, we reject appellants' claims that the statute of limitations would create any individual issues. Further, the trial court held that "common questions of law and fact in this case arise from identical or similar retail installment sales agreements and post-repossession notifications. The essence of each putative class member's complaint is the same and relates to systematic conduct of J.D. Byrider and CNAC in computing the amount financed under its installment contracts and of CNAC in the repossession of vehicles. There have been no attempts by any individuals to institute a parallel action or to intervene in this action. Moreover, many of the putative class members may be persons of limited income who are unlikely to have the resources necessary to pursue an individual lawsuit. * * * Thus, the requirements of Civ.R. 23(B)(3) as to predomination and superiority have been satisfied." (R. 34 p. 13).
 {¶ 18} The trial court did not abuse its discretion in finding that common questions of law and fact predominate over individual questions of law and fact under Civ.R. 23(B)(3). This assignment of error is overruled.
 {¶ 19} "III. The trial court impermissibly abrogated the arbitration agreements of the putative class members in violation of the Federal Arbitration Act."
 {¶ 20} Appellants assert that the trial court's class certification violates the Federal Arbitration Act, 9 U.S.C. 67; 1
because, they contend, that certain of the proposed class members may have signed valid and enforceable arbitration agreements. Arbitration is an affirmative defense. Civ.R. 8(C); Neubauer v. Household Fin. Corp., Cuyahoga App. No. 81451, 2002-Ohio-6831, ¶ 4. The party who raises an affirmative defense bears the burden of proving it by a preponderance of the evidence. See Young v. Frank's Nursery Crafts, Inc. (1991),58 Ohio St.3d 242, 244-245. Appellants concede that they have waived the defense of arbitration with regard to Block individually by filing this action. See Checksmart v. Morgan, Cuyahoga App. No. 80856, 2003-Ohio-163. And, the record is devoid of any evidence to support the appellants' contention that any of the proposed class members signed arbitration agreements. Without a shred of evidence of any such agreements in the record, we cannot say that the trial court erred in certifying the class action at this point. This assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., concur.
[1] J.D. Byrider and CNAC will be referred to collectively herein as "appellants."
[2] The court in Martin reasoned that violations of the statute renders the installment contract unenforceable. This, the court stated, is different than the concept of "penalty" and "forfeiture."
[3] We note that some of the cases cited by appellants do refer to the one-year statute of limitations in connection with RISA, however, none of those cases specifically resolve the statute of limitations period as an issue. See Turoff v. May Company (C.A. 6, 1976), 531 F.2d 1357 (statute of limitations was not identified by the court in its statement of the issues within the opinion but single sentence concludes without any analysis that "extended acquiescence barred complaint, in view of the one year statute of limitations O.R.C. 2305.11"); Ralston v. Chrysler CreditCorporation (Sept. 30, 1999), Lucas App. No. L-98-1312 (concerning a motion to decertify a class on the alleged basis that the representative failed to adequately represent the class with respect to the RISA action); Elsea, Inc. v. Stapleton (July 2, 1998), Lawrence App. No. 97CA45 (sustaining the assignment of error that the trial court erred "in finding that [plaintiff's] RISA defense was time-barred under R.C.2305.11.")