# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 98-6013EM

| | |
|---|---|
| In re: | * |
| | * |
| Sullivan Jewelry, Inc., | * |
| | * |
| Debtor. | * |
| | * |
| A. Thomas DeWoskin, Trustee, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * Appeal from the United States |
| v. | * Bankruptcy Court for the |
| | * Eastern District of Missouri. |
| Roger M. Hibbits, | * |
| | * |
| Defendant-Appellant. | * |

ORDER

Before KRESSEL, SCOTT, and DREHER, Bankruptcy Judges.

KRESSEL, Bankruptcy Judge.

The appellant moves to transfer this appeal to the United States District Court for the Eastern District of Missouri. Because we conclude that the appeal is properly before this court, we deny the motion.

BACKGROUND

On January 16, 1998, an order and a judgment (both dated January 15, 1998) were entered granting the plaintiff summary judgment in this adversary proceeding. On January 27, 1998, the defendant filed a notice of appeal. While he did not use the official form and the caption of the notice of appeal was inaccurate in a number of respects, the appeal did properly identify the January 16, 1998, order and judgment as those being appealed from. In pertinent part, the notice of appeal stated:

> WILLIAM SULLIVAN, ROSE SULLIVAN AND TINA LLOYD, and Roger M. Hibbits appeal to the United States District Court. . . .[1]

Because Hibbits did not file any separate election to have his appeal heard by the district court, the clerk of the bankruptcy court transmitted the appeal to this court. Hibbits has now filed a motion to transfer the appeal to the district court alleging that the appeal was "erroneously transferred to this court" and that "there was no consent to such transfer and therefore this does not comply with Bankruptcy Rule 8001(e)."

DISCUSSION

While Hibbits may not have consented to his appeal being heard by this court, actual consent is not required. Rather the current statute and rule provide that an appeal will be heard by the bankruptcy appellate panel unless a party makes an affirmative election to have an appeal heard by the district court. Significant changes in this regard were made by the

_____

[1] William Sullivan, Rose Sullivan, and Tina Lloyd were not parties to this adversary proceeding, so it is unclear why they appear both in the caption and as appellants. We treat this only as an appeal by defendant Roger M. Hibbits.

Bankruptcy Reform Act of 1994.  Pub. L. No. 103-394, 108 Stat. 4106 (1994).

## The Former Statute and The Old Rule

Appeals from bankruptcy court are governed by Section 158 of Title 28.  Prior to the enactment of the Bankruptcy Reform Act of 1994, § 158(b)(1) provided:

> The judicial council of a circuit may establish a bankruptcy appellate panel, comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.

28 U.S.C. § 158(b)(1) (repealed 1994).

Thus, as previously written, the statute did require the consent of all parties to the appeal before that appeal would be heard by a bankruptcy appellate panel.  The Bankruptcy Rules implemented this consent procedure:

> *Consent to Appeal to Bankruptcy Appellate Panel.* Unless otherwise  provided by a rule promulgated pursuant to Rule 8018, consent to have an appeal heard by a bankruptcy appellate panel may be given in a separate statement of consent executed by a party or contained in the notice of appeal or cross appeal. The statement of consent shall be filed before the transmittal of the record pursuant to Rule 8007(b), or within 30 days of the filing of the notice of appeal, whichever is later.

Fed. R. Bankr. P. 8001(e) (prior to 1997 amendment).

Thus, the statute and rules previously required the consent of the parties before an appeal could be heard by a bankruptcy appellate panel and if the former statute and the old rule were in effect, the appellant's motion would have merit.

## The Current Statute and The New Rule

4

However, the statute was amended by the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106 (1994).  The Act substantially amended § 158 regarding the process for creating bankruptcy appellate panels and the operative language of § 158(b)(1) quoted above was deleted and a new § 158(c) was enacted, which provides:

Subject to subsection (b), each appeal under subsection (a) shall be heard by a 3-judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless --

> (A) the appellant elects at the time of filing the appeal; or

> (B) any other party elects, not later than 30 days after service of the notice of the appeal;

to have such appeal heard by the district court. 28 U.S.C. § 158(c).

While the statute as rewritten preserves the absolute right of any party to have an appeal heard by the district court, that right must be affirmatively exercised by an election by the appellant at the time of filing the appeal or by any other party within thirty days after its service. In the absence of such an election an appeal is heard by the bankruptcy appellant panel. To implement this change in the statute, the bankruptcy rule was also changed effective December 1, 1997. It now reads:

> *Election to Have Appeal Heard by District Court Instead of Bankruptcy Appellate Panel.* An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement or election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1).

Fed. R. Bankr. P. 8001(e).

Thus, the rule implements the statute by requiring an affirmative informed election to have an appeal heard by the district court. Thus, although the notice of appeal in this case states that the appeal is to the district court, that is boilerplate language (not conforming to the official form for a notice of appeal) and does not qualify as an election. It certainly is not contained in a separate writing as is required

6

by Fed. R. Bankr. P. 8001(e).  By requiring such a separate document, the rule implements Congressional intent that appeals to the bankruptcy appellate panel be the default process and the statutory language that the right to proceed with an appeal to the district court be made by an actual "election" knowingly and informatively made.

CONCLUSION

Since the appellant did not make an election in conformity with the statute and the rule, the appeal is properly before this court.  We therefore deny his motion to transfer the appeal to the United States District Court for the Eastern District of Missouri.


February 23, 1998




Order Entered at the Direction of the Panel:


Clerk, U.S. Bankruptcy Appellate Panel, Eighth Circuit

8