In re Scot BERMAN and Jolinda
Berman, Debtors.

Scot Berman;  Jolinda Berman,
Appellants,

v.

Edward J. Maney, Chapter
13 Trustee, Appellee.

BAP No. AZ–06–1133.
Bankruptcy No. 05–17496–PHX–JMM.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

June 12, 2006.

Scot Berman, Phoenix, AZ, pro se.

Jolinda Berman, Phoenix, AZ, pro se.

Ronald L. Hoffbauer, Esq., Phoenix, AZ, for Trustee, Appellee.

Before: BRANDT, PAPPAS, and SMITH, Bankruptcy Judges.

## ORDER DENYING REQUEST FOR DIRECT APPEAL

PER CURIAM.

This is a timely appeal from a final order of the bankruptcy court dismissing appellants' chapter 13 bankruptcy case, which they seek to appeal directly to the court of appeals.

■ On 20 April 2005, the President signed into law the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23 ("BAPCPA"). Among other things, BAPCPA authorizes the direct appeal of a bankruptcy court order to the court of appeals on certification from the appropriate court and acceptance by the court of appeals. *See* 28 U.S.C. § 158(d)(2).

We deny the request, and publish to emphasize that the direct appeal provision of BAPCPA and the Interim Rules adopted to effectuate it do not apply to appeals arising from bankruptcy cases filed before 17 October 2005.

## I.

Appellants filed their voluntary petition under chapter 13 of the Bankruptcy Code[1] on 13 September 2005. On 16 March 2006, the United States Bankruptcy Court for the District of Arizona entered an order dismissing appellants' chapter 13 case, and prohibiting them from filing another chapter 13 case without the court's permission for 180 days. On 21 March 2006, the bankruptcy court entered an order denying appellants' motion for reconsideration.

Appellants' timely Notice of Appeal states: "The debtors move the Court and request is made for this appeal to be heard in the 9th District [sic] Court of Appeals." Notice of Appeal, March 29, 2006, at p. 2. We construe the notice as seeking to appeal directly to the Ninth Circuit Court of Appeals.

## II.

The bankruptcy court had jurisdiction via 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A), and, as elaborated below, we do under 28 U.S.C. § 158(c).

## III.

### A.

The "Interim Bankruptcy Rules" promulgated and proposed by the Judicial Conference of the United States were adopted by most bankruptcy courts to implement the legislative changes effected by BAPCPA. All of the bankruptcy courts in this circuit, including Arizona, have adopted the Interim Rules, and we have adopted Interim Rules 8001(f) and 8003(d), pertaining to appeals.[2]

---

1. Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 prior to its amendment by BAPCPA, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2. The referenced general orders ("G.O.") are available on the courts' websites:

D. Alaska, G.O.2005–1 (19 September 2005) & 2005–2 (18 October 2005) (www.akb.uscourts.gov);
D. Ariz. G.O. 94 (12 October 2005) (www.azb.uscourts.gov);
C.D. Cal. G.O. 05–02 (3 October 2005) (www.cacb.uscourts.gov);

Our general order adopting the Interim Rules expressly limits their applicability to appeals arising out of bankruptcy cases filed on or after 17 October 2005. The Interim Rule in question, 8001(f)(2), applies only to certifications under 28 U.S.C. § 158(d)(2), which was added to the Judicial Code by BAPCPA.

As relevant here, the Interim Rules provide that the bankruptcy court (and not a district court or bankruptcy appellate panel ("BAP")) determines a request to certify a direct appeal until after "the docketing [in the district court or BAP] in accordance with Rule 8007(b) of [the] appeal," or until leave to appeal is granted by the district court or BAP. Interim Rule 8001(f)(2)(A)(i). After the appeal is docketed or leave is granted, the bankruptcy court ceases to have authority to determine direct appeal certification requests; thereafter, they must be decided by the district court or BAP in which the appeal is pending. *See* Interim Rule 8001(f)(2)(A)(ii).

While notices of appeal are typically docketed when received by the district courts and BAPs for informational and administrative purposes, the docketing of an appeal in a district court and BAP occurs when the bankruptcy court delivers the completed record on appeal. Rule 8007(b). We have dispensed with the requirement that the bankruptcy court deliver the appellate record. Rather, the bankruptcy court satisfies this requirement by delivering to our clerk a certificate of readiness, which states that the record on appeal is complete and ready for delivery. *See* 9th Cir. BAP Rule 8007(b)–1. Our clerk's office in turn dockets the appeal on the same day it files the bankruptcy court's certificate of readiness.

The instant appeal has not yet been docketed within the meaning of Interim Rule 8001(f)(2) and Rule 8007(b), because appellants have not yet completed the record. That requires the filing of a designation of record and a statement of issues, and obtaining all necessary hearing transcripts. Rule 8006. Consequently, if this were an appeal in a bankruptcy case commenced on or after 17 October 2005, we would not yet have authority to rule on appellants' direct appeal request: rather, certification would be a question for the bankruptcy court.

### B.

■ Regarding federal statutes, [t]he general rule is that in the absence of an express provision, an act of Congress takes effect on the date of its enactment. *Arnold v. United States,* 13 U.S. (9 Cranch) 104, 119, 3 L.Ed. 671 (1815). *See generally Hassett v. Welch,* 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938); and *Shwab v. Doyle,* 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747 (1922).

*U.S. v. Gavrilovic,* 551 F.2d 1099, 1103 (8th Cir.1977). As noted in *U.S. v. Casson,*

E.D. Cal. G.O. 05–04 (19 October 2005) (www.caeb.uscourt.gov);
N.D. Cal. G.O. 16 (23 September 2005) (www.canb.uscourts.gov);
S.D. Cal. Amended Bankruptcy G.O. 170 (8 May 2006) (www.casb.uscourts.gov);
D. Haw. Admin. Order (14 October 2005) (www.hib.uscourts.gov);
D. Idaho G.O. 199 (14 October 2005) (www.id.uscourts.gov);
D. Mont. G.O.2005–03 (17 October 2005) (www.mtb.uscourts.gov);

D. Nev. Dist. Ct. G.O. 110 (14 October 2005) (www.nvb.uscourts.gov);
D. Or. G.O. 05–1 (11 October 2005) (www.orb.uscourts.gov);
E.D. Wash. G.O. 10–05 (17 October 2005) (www.waeb.uscourts.gov);
W.D. Wash. G.O. BAPCPA–1 (14 October 2005) (www.wawb.uscourts.gov); and
9th Cir. BAP GO No.2005–1, 17 October 2005 (www.ce9.uscourts.gov/bap).

the source of this doctrine is the Constitution:

> On this point, the United States Constitution in art. I, § 7, provides, inter alia:
>
>> Every Bill which shall have passed the House of Representatives and the Senate, shall, before it become a Law, be presented to the President of the United States; If he approve he shall sign it * * *.
>
> The inescapable conclusion from this language is that those who drafted the Constitution intended a bill to 'become a law' when the President indicates his approval by signing it.

434 F.2d 415, 418 (D.C.Cir.1970). *See also,* Norman J. Singer, 2 *Sutherland Statutes and Statutory Construction* § 33:10 (6th ed.) 2001.

■■■ But most of the amendments made by BAPCPA, including the direct appeal provision, were not effective upon enactment—BAPCPA has an express provision to the contrary. With a handful of exceptions not here relevant, BAPCPA's provisions became effective 180 days after BAPCPA was signed into law. BAPCPA § 1501(a)(1) (uncodified). And Congress mandated that, with certain exceptions of no moment in this appeal, "the amendments made by this Act shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act." BAPCPA § 1501(b)(1) (uncodified). That date was 17 October 2005. *See Americredit Fin. Servs., Inc. v. Nichols (In re Nichols),* 440 F.3d 850, 857 n. 6 (6th Cir.2006).

As noted above, appellants commenced their bankruptcy case on 13 September 2005, before the effective date. As a result, BAPCPA's direct appeal provisions do not apply to this appeal.

■■■ And prior to BAPCPA, a litigant could not obtain review of a bankruptcy court's order by a court of appeals without first appealing the order to either a district court or a BAP. *See* 28 U.S.C. § 158(d)(1). In authorizing direct appeals to the circuit courts, BAPCPA made a significant change to the bankruptcy appellate regime.

We know of no authority which would allow the direct appeal requested by appellants. Accordingly, we must deny their request.

## IV.

Neither the direct appeal provision of BAPCPA nor the Interim Rules implementing it are applicable to an appeal which arose from a bankruptcy case filed before BAPCPA's 17 October 2005 effective date, as did this one. Because we have jurisdiction over appeals from pre-BAPCPA cases absent an effective "opt-out" to the district court, 28 U.S.C. § 158(c)(1), and appellants did not attempt such an election,[3] we may rule on appellants' direct appeal request. We deny that request because there is no authority for a direct appeal from the bankruptcy court to the court of appeals where, as here, that appeal arises from a bankruptcy case filed before BAPCPA's effective date.

---

**3.** If the request were construed as an attempted opt-out to the district court for the District of Arizona because of its "9th District Court of Appeal" language, it would fail, as it was in the notice of appeal, rather than the separate writing Rule 8001(e) requires. Nor can appellants now cure that deficiency, for 28 U.S.C. § 158(c)(1) requires the request to be made at the time of filing the notice of appeal. *In re Ioane,* 227 B.R. 181 (9th Cir. BAP 1998); *see also In re Sullivan Jewelry, Inc.,* 218 B.R. 439 (8th Cir. BAP 1998) (explicating the development of the statute and the rule).

Accordingly, appellants' request to appeal directly to the Court of Appeals is ORDERED DENIED.