**In re COUNTY OF ORANGE, a political subdivision of the State of California; Orange County Investment Pools, an instrumentality of the County of Orange, Debtor.**

**ARKANSAS TEACHERS RETIREMENT SYSTEM, the Arbor Fund, Prudential California Municipal Fund, Calvert Tax–Free Reserves, Chemical Bank, Appellants,**

v.

**OFFICIAL INVESTMENT POOL PARTICIPANTS COMMITTEE, Orange County Investment Pools, Appellees.**

BAP No. CC–95–1524.

Bankruptcy Nos. SA94–22272–JR, SA94–22273–JR.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

June 8, 1995.

*ORDER*

Before VOLINN and OLLASON, Bankruptcy Judges.

The panel has received and reviewed appellant's "Notice of Objection to Appeal Being Heard and Determined by Bankruptcy Appellate Panel" (the "objection"). The notice of appeal was filed on May 12, 1995. It was not accompanied by an election for the appeal to be heard by the district court; the objection requesting that the matter be

heard by the district court was filed on June 1, 1995.

In appeals arising in bankruptcy cases filed after October 22, 1994, by virtue of 28 U.S.C. § 158(b) and (c) which codified the Bankruptcy Reform Act of 1994,[1] an appeal is deemed referred to the Bankruptcy Appellate Panel Service unless the appellant "elects" to have the appeal heard by the district court *"at the time of filing the appeal." Id.* (emphasis added). An "Order Continuing Bankruptcy Appellate Panels of the Ninth Circuit" was promulgated by the Judicial Council for the Ninth Circuit, issued on April 28, 1995, providing that:

> If the appellant wishes to make such an election, appellant must file a separate written statement of election with the clerk of the bankruptcy court at *the time of filing the notice of appeal*

*Id.* at 3(a) (emphasis added).

■ Prior to the 1994 amendment, under paragraph 3 of the Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit, revised October 15, 1992, both the appellant and the appellee had 21 days in which to "opt-out" of the jurisdiction of the BAP and remove the appeal to the district court. This procedure continues to apply to all appeals arising in cases filed before October 22, 1994.

■ As to the instant case, appellant filed its notice of appeal on May 12, 1995 and filed its objection on June 1, 1995. While this objection would have been timely in a bankruptcy case filed prior to October 22, 1994, it is untimely in an appeal arising in a case filed after that date. Since the instant appeal arises in a case filed on December 6, 1994, the new statutes and amended order issued pursuant thereto apply. When the notice of appeal was filed on May 12, 1995 no circumstances existed which could preclude or deter appellants from signifying by a separate written statement filed contemporaneously with the notice of appeal an election to have the appeal heard by the district court. Any notice received by appellants from the clerk of the bankruptcy court relating to the 21 day opt-out procedure would necessarily have been sent after the notice of appeal was filed and could not contribute to appellants' failure to make a timely election. While appellees have 30 days from service of the notice of appeal in which they may elect to have this appeal heard by the district court, appellant's objection to BAP jurisdiction is untimely and therefore is OVERRULED.

---

1. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 104(c) and (d), 108 Stat. 4106, 4108–110 (1994); H.R.Rep. No. 103–835, 103rd Cong., 2d Sess. 37, *reprinted in* 1994 U.S.C.C.A.N. 3340, 3345–46.