**In re Michael Scott IOANE, Debtor.**

**Michael Scott IOANE, Appellant,**

v.

**Dave COLLINS; Bank of America; Devin Derham–Burk, Ch. 13 Trustee, Appellees.**

**BAP No. NC–98–1477.**

**Bankruptcy No. 98–51454–JRG.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Nov. 10, 1998.

Michael Scott Ioane, San Jose, CA, appellant pro se.

Before RYAN and MEYERS, Bankruptcy Judges.

### ORDER

Appellant Michael Scott Ioane objects to the Bankruptcy Appellate Panel's (the "BAP") jurisdiction to hear this appeal and requests that we transfer this appeal to the United States District Court for the Northern District of California because he filed a timely statement of election pursuant to 28 U.S.C. § 158(c) and Federal Rule of Bankruptcy Procedure ("FRBP") 8001(e). We OVERRULE Ioane's objection because Ioane filed the statement of election after he filed the notice of appeal, and therefore, the statement of election was untimely.

The record shows that Ioane filed the notice of appeal on June 30, 1998. He filed his statement of election to have the District Court hear this appeal on July 6, 1998. The notice of appeal was prematurely filed because the court did not enter the order being appealed until July 16, 1998. We must determine whether the separately-filed statement of election was timely despite having been filed after the notice of appeal.

▆▆▆ Appeals to the BAP are governed by 28 U.S.C. § 158, which states in pertinent part:

(c)(1) Subject to subsection (b), each appeal under subsection (a) shall be heard by a 3–judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless—

(A) the *appellant elects at the time of filing the appeal;* or

(B) any other party elects, not later than 30 days after service of notice of the appeal;

to have such appeal heard by the district court.

(2) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

28 U.S.C. § 158(c) (1998) (emphasis added). Additionally FRBP 8001(e), amended in 1997, provides the method for "opting out" of the BAP's jurisdiction and electing to have the district court hear the appeal.

(e) *ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT INSTEAD OF BANKRUPTCY APPELLATE PANEL.* An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c).

FED.R.BANKR.P. 8001(e).[1] The advisory committee note to the 1997 amendment to FRBP 8001 states that Congress amended subdivision (e) to provide the procedure for electing to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) rather than by the BAP. *See* FED.R.BANKR.P. 8001 advisory committee note. The legislative history to 28 U.S.C. § 158(c) is silent as to Congress's intent regarding an appellant's election. However, statutes as well as rules should

---

**1.** Prior to the 1997 amendment, the FRBP 8001(e) stated:

Consent to Appeal to Bankruptcy Appellate Panel. Unless otherwise provided by a rule promulgated pursuant to Rule 8018, consent to have an appeal heard by a bankruptcy appellate panel may be given in a separate statement of consent executed by a party or contained in the notice of appeal or cross appeal. The statement of consent shall be filed before the transmittal of the record pursuant to Rule 8007(b), or within 30 days of the filing of the notice of appeal, whichever is later.

FED.R.BANKR.P. 8001(e) (1996).

generally be interpreted according to their plain meaning. *See Pavelic & LeFlore v. Marvel Entertainment,* 493 U.S. 120, 123, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (interpreting the Federal Rules of Civil Procedure). "In interpreting a statute, we 'look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress. Then, if the language is unclear, we look to its legislative history.'" *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 830–31 (9th Cir.1996) (quoting *Alarcon v. Keller Indus., Inc.,* 27 F.3d 386, 389 (9th Cir.1994)). When a literal application of a statute will produce " 'a result demonstrably at odds with the intentions of its drafters[,]' ... the intention of the drafters, rather than the strict language controls." *United States v. Ron Pair Enters.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citation omitted).

■ Here, the language of 28 U.S.C. § 158(c)(1) authorizes the BAP to hear an appeal unless the appellant elects "at the time of filing the appeal" to have such appeal heard by the district court. This language clearly requires an election to be made at the time the notice of appeal is filed. *See Arkansas Teachers Retirement Sys. v. Official Investment Pool Participants Comm. (In re County of Orange),* 183 B.R. 593 (9th Cir. BAP 1995) (holding that an appellant's failure to file a separate written statement of election *contemporaneously with the notice of appeal* rendered the objection to BAP jurisdiction untimely).

■ The purpose of requiring an appellant to file the statement of election at the same time that he files the notice of appeal is to promote judicial economy.

> By requiring an appellant to file a separate document in order to opt out of review by the BAP, the Clerk is relieved of the difficulty of discerning the appellant's intentions from the language used in the notice of appeal, and the appellate proceedings of the BAP and the district court are relieved of the burden of unnecessary, costly, and time-consuming jurisdictional determinations which delay merit resolutions of the parties' disputes.

*In re Linder,* 215 B.R. 826, 830 (6th Cir. BAP 1998).

■ Although a premature appeal is deemed filed at the date the order on appeal is entered, *see* FED.R.BANKR.P. 8002, this rule only governs when the ten-day filing period begins. While § 158(c)(2) states that appeals made under § 158(c)(1) shall be taken in the time provided for by FRBP 8002, § 158(c)(1) provides the only method available to litigants to have the district court hear the appeal. *See* 28 U.S.C. § 158(c)(1). Consequently, the time requirement of FRBP 8002 for filing a notice of appeal does not change the timing of an appellant's election to have an appeal heard by the district court.

In summary, 28 U.S.C. § 158(c)(1) and FRBP 8001(e) require an appellant to file a separate statement of election "at the time of filing the appeal." A premature statement of election—i.e., a statement of election filed after the notice of appeal was filed but before the order on appeal has been entered, is untimely. Accordingly, we OVERRULE Ioane's objection to our jurisdiction.