**In re Paul David MACKEY, dba David Mackey Drywall, Debtor.**

**HBI, Inc., and Noble Construction Company, Inc., Appellants,**

v.

**Sessions Payroll Management, Inc., and Helen Ryan Frazer, Chapter 7 Trustee, Appellees.**

**BAP No. CC–98–1852.
Bankruptcy No. LA–97–42201–SB.
Adversary No. LA–98–99907–SB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

March 29, 1999.

Karen M. Andrews, Los Alamitos, CA, for HBI, Incorporated.

Lisa G. Stanhope, Temecula, CA, for Noble Construction Company, Inc.

Helen Ryan Frazier, Cerritos, CA, for Chapter 7 Trustee.

Paul A. Beck, Tuttle & Taylor, Los Angeles, CA, for Sessions Payroll Management, Inc.

Before MEYERS, PERRIS, and KLEIN, Bankruptcy Judges.

## ORDER

KLEIN, Bankruptcy Judge.

The question is whether the appellees timely filed their statement of election to have this appeal heard by the district court. If the statement of election was not timely filed, then it remains with the bankruptcy appellate panel ("BAP"). We conclude that it was timely filed, but only because of the 3–day extension mandated by rule when service of notice is by mail.

This is our third installment in assessing the nuances of Judicial Code § 158(c)(1), which provides that parties may "elect" to have an appeal heard by the district court instead of the BAP. 28 U.S.C. § 158(c)(1). First, we held that the election had to be in the form of a separate document. *Arkansas Teachers Retirement Sys. v. Official Inv. Pool Participants Comm. (In re County of Orange)*, 183 B.R. 593 (9th Cir. 1995). Then, we held that the *appellant's* statutory deadline for making the election is the time the notice of appeal is filed, even if the notice of appeal is filed prematurely. *Ioane v. Collins (In re Ioane)*, 227 B.R. 181 (9th Cir. BAP 1998), *construing* 28 U.S.C. § 158(c)(1)(A). Now, we wrestle with the statutory 30–day deadline for "any other party" (including *appellees* ) under 28 U.S.C. § 158(c)(1)(B) in the context of a premature notice of appeal.

We publish to reduce the potential for blunders due to confusion about which appellate court is handling the appeal. The problem is particularly acute when early emergency motions are made. The rules of procedure implement the statutory scheme in a manner designed to enable one to determine which appellate court will hear the appeal merely by looking at the bankruptcy court docket.

## FACTS

The appellees waited 31 days after service of the notice of the appeal before filing a statement of election to have the appeal heard by the district court.

A joint notice of appeal was filed on November 25, 1998, after the bankruptcy court announced its decision but before the order was entered. The notice of appeal was not accompanied by a separate statement of election in favor of the district court. The bankruptcy court clerk served the notice of the appeal on the appellees by mail on November 30, 1998. The order being appealed was entered on December 21, 1998.

The appellees filed their statement of election in favor of district court on December 30, 1998, some 31 days after service of notice of the appeal. Judicial Code § 158(c)(1)(B) requires the election by appellees to be made "not later than 30 days after service of notice of the appeal". 28 U.S.C. § 158(c)(1)(B). The appellees argue that their election was timely because the order being appealed was not entered until December 21, 1998.[1]

## DISCUSSION

### I

We begin by reviewing the statute, rules, and prior decisions interpreting the statement of election to have the appeal heard by the district court.

### A

An appeal from a bankruptcy court in a district served by a BAP is to be heard by the BAP unless an election is made to have it heard by the district court. 28 U.S.C. § 158(c)(1). The appellant must make the election to reject the BAP "at the time of filing the appeal". 28 U.S.C. § 158(c)(1)(A). Any other party must make the election "not later than 30 days after service of notice of the appeal". 28 U.S.C. § 158(c)(1)(B).

The fact that the statute includes such phrases as "at the time" and "not later than 30 days after" implies that Congress desired to draw an unambiguous line separating the parallel appellate tracks so as to avoid confusion. Hence, we construe the statutory provisions in a fashion that implements a bright line.

Judicial Code § 158(c)(1) is supplemented by bankruptcy rules (two being relevant here) that are also consistent with bright lines. Federal Rule of Bankruptcy Procedure 8001(e) requires the election to be in the form of "a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1)." Fed.R.Bankr.P. 8001(e). And Federal Rule of Bankruptcy Procedure 8004 requires that the clerk be the one to serve notice of the filing of a notice of appeal and that the clerk do so by mail, noting in the docket the date of the mailing. Fed.R.Bankr.P. 8004.

In addition, Federal Rule of Bankruptcy Procedure 9006(f) adds three days whenever "there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail". Fed.R.Bankr.P. 9006(f).

### B

As noted, this is our third installment in assessing the nuances of the statement of election required by § 158(c)(1).

In the first installment, we strictly construed the provision in § 158(c) that parties may "elect" the district court as contemplating that the election be in the form of a separate document. *Arkansas Teachers Retirement Sys.*, 183 B.R. 593. The separate writing requirement was subsequently embodied in Rule 8001(e). Fed.R.Bankr.P. 8001(e) (election "may be made only by a statement of election contained in a separate writing"); *DeWoskin v. Hibbits (In re Sullivan Jewelry, Inc.)*, 218 B.R. 439, 440–41 (8th Cir. BAP 1998).

In the second installment, we construed an *appellant's* deadline for electing the district court under § 158(c)(1)(A) in the context of a premature notice of appeal, applying the literal language of the statute to require the election to be made "at the time" the premature notice of appeal is filed. *Ioane*, 227 B.R. 181. The statutory phrase "at the time of filing the appeal" means exactly what it says. An appellant

---

1. The appellees' suggestion that the appeal is interlocutory and requires leave of court is independent of the "election" issue. 28 U.S.C. § 158(a)(3); Fed.R.Bankr.P. 8001(b) & 8003. Since we conclude that the appeal must be transferred to the district court, we leave that question to the district court.

who files a premature notice of appeal—i.e. after the decision is announced but before the order or judgment is entered—must file the statement of election at the time of the premature filing and cannot wait until the time the order is actually entered.

## II

Now, we wrestle with the appellees' statutory deadline under § 158(c)(1)(B) in the context of a premature notice of appeal. And, in the interest of lawyerly precision, we actually mean "any other party" to the appeal when we speak of appellees.

The deadline for appellees is "30 days after service of notice of the appeal". The precise language of § 158(c)(1)(B) is:

> "each appeal under subsection (a) shall be heard by a 3–judge panel of the bankruptcy appellate panel service established under subsection (b)(1) un-less—... (B) any other party [e.g. the appellee] elects, *not later than 30 days after service of notice of the appeal;* to have such appeal heard by the district court."

28 U.S.C. § 158(c)(1)(B) (emphasis added).

Our task, then, is to construe the phrase "not later than 30 days after service of notice of the appeal" in § 158(c)(1)(B). And we must consider the effect of a notice of appeal that is filed after the court's decision is announced but before its order or judgment is entered.

### A

■ The event that starts the clock running on the 30–day election period for parties other than the appellant is "service of notice of the appeal". 28 U.S.C. § 158(c)(1)(B). This dependence on service of notice as the triggering event necessitates focusing on the rules of procedure that govern methods of service.

Rule 8004 requires that the bankruptcy clerk be the one to serve "notice of the filing of a notice of appeal" and that it be done by mail upon each party other than the appellant. The clerk must enter on the docket the names of the parties served and the date of mailing. Fed.R.Bankr.P. 8004.

The date of mailing is, as a matter of law, the date of service because service of notice by mail is complete on mailing. Fed.R.Bankr.P. 9006(e).

The bankruptcy clerk's notice given under Rule 8004 is the exclusive method provided by the rules for giving notice of the filing of a notice of appeal.

Accordingly, we hold that the statutory 30–day period for appellees to elect to have an appeal heard by the district court begins on the day the bankruptcy clerk serves notice in accordance with Rule 8004. This date is readily ascertainable by reference to the docket entry recording such service.

### B

■ The fact that the service of notice of the appeal might precede actual entry of the order or judgment being appealed does nor affect the running of the 30–day period.

Premature notices of appeal are permitted to be filed once a decision is announced but before the order or judgment is entered. Fed.R.Bankr.P. 8002(a). They are treated as filed, i.e. constructively filed, after the entry of the order and on the day thereof. *Id.*

As we held in Ioane, Rule 8002(a) does not affect the time for filing a statement of election under § 158(c)(1)(A). *Ioane,* 227 B.R. at 183. We reasoned that the unambiguous language of the statute requires that the appellant file the statement of election when the notice of appeal is actually filed, not when it is treated as constructively filed.

We apply the same analysis to the text of § 158(c)(1)(B). The statute is not ambiguous. The time is measured from actual service of notice of the appeal, regardless of when the notice of appeal is treated as constructively filed.

Hence, we reject the appellees' contention that the date of entry of the order being appealed is material to the running of the statutory period for appellees to elect to have the district court hear the appeal.

### C

■ Finally, there is the question of when the appellees' election period expires. The answer is that the election period expires 33 days after the bankruptcy clerk serves notice of the appeal by mail.

The statute provides 30 days. Rule 9006(f) prescribes a 3–day extension when service is accomplished by mail. Congress expected that the rules regarding computation of time would apply to § 158, as evidenced by the fact that § 158(c)(2) actually mentions the rules. 28 U.S.C. § 158(c)(2) ("An appeal under subsections (a) and (b) shall be taken ... in the time provided by Rule 8002 of the Bankruptcy Rules").

If there is a right to do some act or undertake some proceeding within a prescribed period after service of a notice or other paper and if such service is accomplished by mail, then three days are added to the prescribed period. Fed.R.Bankr.P. 9006(f).

The prerequisite for application of Rule 9006(f) is that the pertinent time must be measured from service of the paper. Here, the statute plainly measures the 30 days from service of notice. Hence, we hold that the Rule 9006(f) 3–day extension applies to the 30–day period provided by § 158(c)(1)(B).

Indeed, so long as Rule 8004 mandates that service of notice of the appeal be only by mail, the 3–day extension will always apply, and the deadline will always be 33 days after service of notice of the appeal.

Here, the appellees filed their statement of election 31 days after the clerk served notice of the appeal by mail. Accordingly, the statement of election is timely.

### D

The rules implementing § 158(c)(1) are designed to minimize confusion and to make the process administratively efficient and convenient for litigants and courts alike.

The docket maintained by the bankruptcy court clerk is the designated clearinghouse for the crucial information.

The docket will have separate entries for: the filing of the notice of appeal; the filing of appellant's statement of election to have the appeal heard by the district court; the clerk's service of notice of the appeal; and the filing of appellee's statement of election.

One should be able to determine whether there has been a timely statement of election merely by examining the docket. An appellant's statement of election must be filed on the same day as the notice of appeal, and an appellee's statement of election must be filed within 33 days after the clerk's service of notice of the appeal. These dates are ascertainable from the face of the docket and establish rebuttable presumptions that the actual events occurred on the dates indicated.

In other words, it should be evident from the docket whether the appeal is to be heard by the BAP or by the district court.

### CONCLUSION

The appellees' statement of election to have the appeal heard by the district court was filed within 33 days after the clerk served notice of the appeal. It is filed timely.

It is ORDERED that this appeal be transferred to the district court.