**In re Stephen Hull Lawrence SNELL, Debtor.**

**BAP Nos. 99–8037, 99–8038, 99–8039.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Sept. 2, 1999.

Grady L. Pettigrew, Jr., Arter & Haden, Columbus, OH, for Debtor.

Kenneth M. Richards, Luper, Sheriff & Neidenthal, Columbus, OH, for Appellee.

Robert J. Sidman, Vorys, Sater, Seymour & Pease, Columbus, OH, for Appellees.

Before BROWN, RHODES, and STOSBERG, Bankruptcy Appellate Panel Judges.

## ORDER DENYING MOTION TO TRANSFER APPEALS TO DISTRICT COURT

In this chapter 7 case, three timely appeals resulted from the bankruptcy court's order overruling in part and sustaining in part the Debtor's claim of exemption. On May 11, 1999, the Debtor filed a notice of appeal, No. 99–8037. On May 17, 1999, the Cuervo family ("the Cuervos") filed a notice of cross-appeal, No. 99–8038. On May 20, 1999, the Trustee also filed a notice of cross-appeal, No. 99–8039.

The Cuervos' notice of appeal indicates an intent to appeal to the district court, but the Cuervos did not file a separate statement of election until the day following the notice of appeal. That statement indicates that the Cuervos are cross-appellants and that they elect to have both the Debtor's appeal and their own cross-appeal heard by the district court. On July 28, 1999, the Cuervos filed a motion to transfer all three appeals to the district court.

28 U.S.C. § 158(c) mandates that the BAP shall hear an appeal unless a party makes a timely election to have the appeal heard by the district court. In the present case, the Cuervos assert that they made a timely election and thus move to transfer the appeals to the district court. The Panel holds that the Cuervos did not make a timely election in any of the appeals. Accordingly, the motion to transfer the appeals is denied.

### I. 99–8038—The Cuervos' Cross–Appeal.

 The Cuervos filed their notice of cross-appeal on May 17, 1999. The notice of appeal states that the Cuervos cross-appeal the bankruptcy court's initial order regarding the debtor's exemptions, and appeal the bankruptcy court's denial of their motion for partial reconsideration. The notice of appeal further indicates that the Cuervos intend to appeal to the district court. However, the notice of cross-appeal was not accompanied by a separate statement of election as required by Federal Rule of Bankruptcy Procedure 8001(e) and Sixth Circuit Bankruptcy Appellate Panel Local Rule 8001–3.

Bankruptcy Rule 8001(e) provides, "An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made *only* by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1)." FED. R. BANKR.P. 8001(e) (emphasis added). Section 158(c)(1) provides that an appellant must make an election "at the time of filing the appeal," while other parties have no more than "30 days after service of notice of the appeal." 28 U.S.C. § 158(c)(1)(A) & (B). LBR 8001–3 states:

In districts that have authorized appeals to the BAP, every appeal filed in the bankruptcy court shall be heard by the Bankruptcy Appellate Panel of the Sixth Circuit unless–

(1) at the time of filing the appeal or cross-appeal, the appellant or cross-appellant files with the clerk of the bankruptcy court a separate written statement of election to have the appeal heard by the district court; or,

(2) within thirty days after service of notice of the appeal, any other party to the appeal files with the panel clerk a separate written statement of election to have the appeal heard by the district court.

6th Cir. BAP LBR 8001–3.

LBR 8001–3 is consistent with § 158(c)(1) and Bankruptcy Rule 8001(e). Cross-appellants, unlike appellees, are required to file a notice of appeal. One reason for this is that in some circumstances the original appeal may be dismissed while the cross-appeal may continue. Thus, cross-appellants are more like appellants than appellees. Another reason for this is the greater administrative efficiency for the clerk. As one court stated:

The purpose of requiring an appellant to file the statement of election at the same time that he files the notice of appeal is to promote judicial economy.

By requiring an appellant to file a separate document in order to opt out of review by the BAP, the Clerk is relieved of the difficulty of discerning the appellant's intentions from the language used in the notice of appeal, and the appellate proceedings of the BAP nd the district court are relieved of the burden of unnecessary, costly, and time-consuming jurisdictional determinations which delay merit resolutions of the parties' disputes.

*Ioane v. Collins (In re Ioane)*, 227 B.R. 181, 183 (9th Cir. BAP 1998) (quoting *In re Linder*, 215 B.R. 826, 830 (6th Cir. BAP 1998)). The requirement that a cross-appellant file the statement of election with the notice of appeal enhances the efficiency of the clerk's office because every time a notice of appeal is filed, the clerk will know immediately whether the party filing the notice of appeal is opting out of the BAP. Further, it is one less deadline for the clerk's office to track.

The Cuervos' notice of appeal (No. 99–8039) involves both the Cuervos' cross-appeal from the judgment and their appeal of the order denying the motion for partial reconsideration. As another panel of the BAP recently concluded, "The language of Local Rule 8001–3, when read in a straightforward and commonsense manner, conveys an unambiguous and plain meaning: an [appellant] must file a separate document electing to have the appeal heard by the district court instead of the BAP when the appeal is filed—not later." *In re Linder*, 215 B.R. at 830. The Cuervos did not follow the proper procedure for having their appeal heard by the district court. Accordingly, the BAP must hear the appeal.

## II. *99–8037—The Debtor's Cross–Appeal.*

█ The Cuervos argue that their election to have the Debtor's appeal heard by the District Court was timely because they

are "other parties" to the appeal and thus had 30 days to file their statement of election. The Cuervos cite *HBI, Inc. v. Sessions Payroll Management, Inc. (In re Mackey)*, 232 B.R. 784, 785 (9th Cir. BAP 1999), for the proposition that appellees are "other parties" under 28 U.S.C. § 158(c)(1)(B) and thus subject to the 30 day deadline. The Cuervos assert that they are both appellees and cross-appellants.[1]

*Mackey* is distinguishable from the present case because the appellees in *Mackey* did not file a cross-appeal. The *Mackey* court noted, "The rules implementing § 158(c)(1) are designed to minimize confusion and to make the process administratively efficient and convenient for litigants and courts alike." *Id.* at 788. The Sixth Circuit BAP local rules require a cross-appellant to file a statement of election at the time the notice of appeal is filed. 6th Cir BAP LBR 8001–3. Requiring cross-appellants to file their statement of election at the time the cross-appeal is filed, but allowing 30 days to file their statement of election regarding the initial appeal would be confusing and administratively inefficient. Further, it is in the interest of judicial economy for the same court to hear related appeals. Accordingly, the Panel holds that the Cuervos' status as cross-appellants required them to file their election with regard to all of the appeals with their notice of appeal pursuant to § 158(c)(1)(A). Cross-appellants are not "other parties" who are allowed 30 days under § 158(c)(1)(B).

## III. *99–8039—The Trustee's Appeal.*

The motion to transfer includes the trustee's cross-appeal, docketed as 99–8039. The Cuervos' statement of election filed May 18, 1999 does not make any reference to the trustee's cross-appeal because the trustee's cross-appeal was not filed until May 20, 1999. To date no party

---

**1.** Interestingly, although their brief asserts that, with regard to 99–8037, they are appellees and cross-appellants (Cuervo Br. at 2.),

their statement of election simply refers to the family as cross-appellants.

has filed a statement electing to have the district court hear the appeal in 99–8039. Moreover, the Panel has determined that the related appeals should not be transferred. Accordingly, there are no grounds for transferring the appeal.

The motion to transfer the appeals to the district court is **DENIED**.

