MEMORANDUM **
Schafler appeals an order of the District Court denying the motion to dismiss a contempt order issued by the Bankruptcy Court and denying Schafler’s motion to dismiss her Chapter 7 petition and revoke the discharge of her debts.[1]
Schafler’s Notice of Appeal from the Bankruptcy Court’s order notes that she “appeals to the district court.” Schafler did not file a separate written document stating her intention to appeal to the District Court rather than to the Bankruptcy Appellate Panel. Jurisdiction over appeals *696 from the Bankruptcy Court is retained by the B.A.P unless a separate written statement is filed pursuant to Fed. R. Bankr.P. 8001(e), which states: “An election to have an appeal heard by the district court ... may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1).” (emphasis added). See In re Ioane, 227 B.R. 181 (9th Cir.BAP1998) (Rule 8001(e)’s contemporaneous “separate written filing” requirement to be construed literally). Rule 8001(e)’s separate written document requirement is mandatory and jurisdictional. Appellant’s appeal can only be heard in the B.A.P, not the District Court.
The District Court denied Schafler’s motion to dismiss her Chapter 7 petition and revoke the discharge of her debts. This motion amounts to an appeal of the September 21, 1999, order of the Bankruptcy Court denying Schafler’s original motion to dismiss. Fed. R. Bank. Proc. 8002(a) provides a 10-day period for appeals from an order of the Bankruptcy Court. Appellant missed the 10 day deadline by more than two and a half years, so the District Court lacked jurisdiction to hear the motion. See 1 Collier on Bankruptcy ¶ 5.05[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2002) (“The 10-day period of rule 8002(a) is jurisdictional.”).
Since the District Court did not properly have jurisdiction to hear Appellant’s claims, the decisions of the District Court in this appeal are
VACATED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. To the extent that Schafler’s briefing indicates that there are other matters on appeal, these issues are addressed by unpublished memorandum dispositions in cases 02-16695, 01-16250, 01-16270, 01-17516, and 02-15619 issued by this panel on _, 2003.