**In re Paul HUPP, Debtor.**

**Paul Hupp, Appellant,**

v.

**Educational Credit Management Corporation, Appellee.**

**BAP No. SC–07–1453–KPaJu.**
**Bankruptcy No. 06–00198.**
**Adversary No. 06–90127.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Jan. 18, 2008.

Before: KLEIN, PAPPAS and JURY, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge:

Federal Rule of Bankruptcy Procedure 8001(e) requires that a "separate writing" be used to make an election under 28 U.S.C. § 158(c)(1) to have a bankruptcy appeal heard by the district court instead of the bankruptcy appellate panel. The question is whether that "separate writing" may include anything other than an election to have the district court hear the appeal. Consistent with the analysis in our decisions beginning with *Ark. Teachers Ret. Sys. v. Official Inv. Pool Participants Comm. (In re County of Orange)*, 183 B.R. 593 (9th Cir. BAP 1995) ("*Orange County*"), we hold that a statement of election is not effective if, as here, the writing in which it is made contains anything other

than such an election. Hence, this appeal will be resolved by the bankruptcy appellate panel.

Since the notice of appeal is from an interlocutory order denying summary judgment and requiring a trial, which requires leave to appeal, and was not accompanied by a motion for leave to appeal required by Rule 8003(a), we exercise our discretionary authority under Rule 8003(c) to consider the notice of appeal as a motion for leave to appeal. We deny leave to appeal and, accordingly, dismiss the appeal.

### Facts

Paul Hupp commenced an adversary proceeding against United Student Aid Funds, Inc., seeking a determination that his student loan debt is not excepted from discharge under 11 U.S.C. § 523(a)(8) in his chapter 7 bankruptcy case pending in the Southern District of California. Educational Credit Management Corporation was substituted as real party in interest.

The United States intervened after notice was given that Hupp was calling into question the constitutionality of § 523(a)(8) as applied to him.

The bankruptcy court, on November 29, 2007, denied Hupp's summary judgment motion focused on constitutional issues, granted the motion to strike a brief, and set a trial for January 17, 2008, which trial was to be limited to the question whether repaying the student loan debt would constitute an undue hardship within the meaning of § 523(a)(8).

Hupp filed a notice of appeal on December 3, 2007, from the November 29 rulings, which order was not actually entered until January 9, 2008. Hupp did not make a motion for leave to appeal an interlocutory order.

Accompanying the notice of appeal were two other documents: "Plaintiff Paul Hupp's Request for Certification for Direct Appeal to the 9th Circuit Court of Appeals"; and "Plaintiff Paul Hupp's Separate Statement of Election for Direct Appeal to the 9th Circuit Court of Appeals under 28 U.S.C. § 158."

The first thirteen lines of the "Separate Statement of Election for Direct Appeal" explain why there should be a direct appeal to the court of appeals, as authorized by 28 U.S.C. § 158(d)(2)(A). The final two lines of the document include the statement: "Alternatively, if the 9th Circuit Court of Appeals refuses to hear this matter, plaintiff seeks review in the United States District Court, Southern District of California."

The item was docketed as "Separate Statement of Election for Appeal to be Heard by the 9th Circuit Court of Appeals."

The bankruptcy clerk forwarded the papers to this Panel.

### Jurisdiction

■ We have jurisdiction to determine our jurisdiction. *Benny v. England (In re Benny)*, 812 F.2d 1133, 1136 (9th Cir.1987); *Appeal of Hessinger & Assocs. (In re Eleccion)*, 178 B.R. 807, 808 (9th Cir. BAP 1995).

### Issues

1. Whether the "separate writing" required by Rule 8001(e) as the means for making an election to have an appeal heard by the district court pursuant to 28 U.S.C. § 158(c)(1) may include anything other than the requisite statement of election.

2. Whether leave to appeal the bankruptcy court's interlocutory order should be granted.

## Discussion

We address the question of our jurisdiction before turning to the question whether to entertain the interlocutory appeal.

### I

Congress provided that appeals from decisions of bankruptcy judges be heard by a bankruptcy appellate panel, if available, unless a party elects to have the appeal heard by the district court:

> (c) (1) Subject to subsections (b) and (d)(2), each appeal under subsection (a) shall be heard by a 3–judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless—
>
> > (A) the appellant elects at the time of filing the appeal; or
> >
> > (B) any other party elects, not later than 30 days after service of notice of the appeal;
>
> to have such appeal heard by the district court.

28 U.S.C. § 158(c)(1).

The statute is implemented by Rule 8001(e), which mandates that a § 158(c)(1) election be made in a separate writing:

> (e) Election to Have Appeal Heard by District Court Instead of Bankruptcy Appellate Panel. An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1).

Fed. R. Bankr.P. 8001(e).

■ These provisions of § 158(c)(1) and Rule 8001(e) are construed strictly in accordance with their literal terms. *Ioane v. Collins (In re Ioane)*, 227 B.R. 181, 183 (9th Cir. BAP 1998); *Orange County*, 183 B.R. at 594.

■ As applied to appellants, the combination of the statute and the rule means that there must be a separate written statement filed *simultaneously* with the notice of appeal. *Orange County*, 183 B.R. at 594. Specifically, § 158(c)(1) requires that an appellant make an election "at the time of filing the appeal," 28 U.S.C. § 158(c)(1)(A), and Rule 8001(e) requires that the election be in a "separate writing." Fed. R. Bankr.P. 8001(e).

The requirement of a separate writing relieves the clerk of difficulties of divining the appellant's intentions and relieves the BAP and district court of unnecessary, expensive, and time-consuming jurisdictional determinations that impede merits resolutions of disputes. *Ioane*, 227 B.R. at 183; *accord, In re Linder*, 215 B.R. 826, 830 (6th Cir. BAP 1998). This matters because confusion about jurisdiction over an appeal in a world in which there are alternative appellate routes to follow can lead to horrid problems of conflicting appellate orders; the workable solution requires literal application of the carefully-drafted rule of procedure that requires a "separate writing."

Moreover, as a matter of plain English, the adjective "separate" connotes independence. The American Heritage dictionary defines separate as an adjective as: "Set apart from the rest; not connected; disjoined; detached." AM. HERITAGE DICTIONARY OF ENGLISH LANGUAGE 1181 (New College Ed.1976). The Oxford English Dictionary is to the same effect: "Parted, divided, or withdrawn from others; disjoined, disconnected, detached, set or kept apart" and "Withdrawn or divided from something else so as to have an independent existence by itself." 14 OXFORD ENGLISH DICTIONARY 997–98 (2d ed.1989).

It follows that the "separate writing" required by Rule 8001(e) cannot be joined with any other material.

■ In this instance, the document titled "Plaintiff Paul Hupp's Separate Statement of Election for Direct Appeal to the 9th Circuit Court of Appeals under 28 U.S.C. § 158" exemplifies the problem. The majority of the document focuses on the question whether the court of appeals should entertain a direct appeal under 28 U.S.C. § 158(d)(2), which statute requires that there first be a certification that the appeal is appropriate for direct appeal. The question of certification in the present procedural posture is for the bankruptcy court to resolve. 28 U.S.C. § 158(d)(2)(A), Fed. R. Bankr.P. 8001(f) (interim rule). If the document were to be construed generously according to its primary aim, it would be regarded as a request for certification under Rule 8001(f)(3); whether to do so we leave to the bankruptcy court.

Only the last two lines of the document arguably implicate an attempt to make a § 158(c)(1) election. In a contingent voice ("if the 9th Circuit Court of Appeals refuses to hear this matter,") it is said that Hupp "seeks review" in the district court. It does not purport to be the definitive election that is required by § 158(c)(1) and Rule 8001(e).

The mere need to construe such a document offends the overriding policy articulated in *Ioane* regarding the need for bright-line clarity as to whether the bankruptcy appellate panel or the district court is responsible for making the various intermediate determinations, such as stay pending appeal or policing timely prosecution of the appeal, that may be necessary immediately following the filing of a notice of appeal. *Ioane*, 227 B.R. at 183.

■ Hence, we hold that the inclusion in the putative "election" document of any-thing other than a definitive election to have the appeal heard by the district court disqualifies the document from status as an election made in the manner required by Rule 8001(e). As there is not an effective election to have the appeal heard by the district court, we shall exercise jurisdiction.

## II

■ An order denying a motion for summary judgment and requiring trial of the adversary proceeding on the question whether not discharging the debtor-appellant's student loan would constitute an "undue hardship" within the meaning of § 523(a)(8) is an interlocutory order that requires leave of court to appeal. 28 U.S.C. § 158(a)(3).

The procedure for obtaining leave to appeal is prescribed by Rule 8003(a), which requires a motion containing: (1) a statement of facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of the questions and the relief sought; (3) a statement of reasons why an interlocutory appeal should be entertained; and (4) copies of the questioned order and any opinion or memorandum relating to it. Fed. R. Bankr.P. 8003(a).

If the required motion for leave to appeal is not made, Rule 8003(c) authorizes us either to grant leave to appeal, or to direct that a motion for leave to appeal be filed, or to deny leave to appeal after considering the notice of appeal as a motion for leave to appeal. Fed. R. Bankr.P. 8003(c).

We elect to exercise our discretion by applying the third alternative afforded by Rule 8003(c). We consider the notice of appeal, and the related papers, as a motion for leave to appeal.

  Hupp's summary judgment motion was addressed to issues regarding the constitutional validity of § 523(a)(8) and related regulations as applied to him.* The bankruptcy court, by denying the motion for summary judgment, declined to terminate the litigation on that basis and required a trial focused on the undue hardship requirement of § 523(a)(8).

If a final judgment is entered determining that the debt is excepted from discharge, Hupp will be able to assert on appeal the issues he attempts to raise on an interlocutory basis, together with any additional issues arising from trial of the undue hardship question. Conversely, *if* the trial results in a determination that the debt is discharged, then the balance of the controversy will be moot.

Accordingly, the prudent course is to deny leave to appeal and to dismiss the appeal for lack of jurisdiction as an interlocutory appeal for which leave to appeal has not been granted.

### Conclusion

The document titled "Plaintiff Paul Hupp's Separate Statement of Election for Direct Appeal to the 9th Circuit Court of Appeals under 28 U.S.C. § 158," is not an effective election to have the appeal heard by the district court because it contains matters other than a straightforward election to have the appeal heard by the district court pursuant to § 158(c)(1) in violation of the "separate writing" requirement of Rule 8001(e). Accordingly, the bank-

ruptcy appellate panel will exercise jurisdiction over this appeal. Exercising our discretion to consider the notice of appeal as a motion for leave to appeal an interlocutory order, such leave is denied and the appeal is dismissed.

---

\* Hupp describes the issues as follows:

> Plaintiff is challenging Title 11 U.S.C. § 523(a)(8) and Title 34 Code of Federal [R]egulations § 1091a for, inter alia, violations of substantive and procedural due process, equal protection, vague, ambiguous and overbroad, loan holder and government misconduct and the 8th Amendment's ban on excessive fines clause. Plaintiff seeks to have Title 11 U.S.C. § 523(a)(8) declared in violation of the above listed

constitutional protections and struck down under a strict scrutiny standard of review for interfering with, inter alia, basic necessities of life—food, clothing, housing and medical/dental care. Basic necessities of life, requires the highest level or review, strict scrutiny.

Plaintiff Paul Hupp's Separate Statement of Election for Direct Appeal to the 9th Circuit Court of Appeals under 28 U.S.C. § 158, at 1–2.