

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GUINEVERE MARIE MALLEY,<br>　　　　　　Debtor. | BAP No. CC-21-1020-HLG<br><br>Bk. No. 2:15-bk-11986-WB |
| THEE AGUILA, INC.,<br>　　　　　　Appellant,<br>v.<br>PICO RIVERA FIRST MORTGAGE<br>INVESTORS, LP,<br>　　　　　　Appellee. | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Julia W. Brand, Bankruptcy Judge, Presiding

Before: HESTON,[1] LAFFERTY, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellant Thee Aguila, Inc. ("Thee Aguila") appeals the denial of its

motion for reconsideration of an order granting Appellee Pico Rivera First

Mortgage Investors, LP ("Pico Rivera") retroactive relief from the

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Hon. Mary Jo Heston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

1

automatic stay. Because Thee Aguila lacks standing, we DISMISS for lack of jurisdiction.

## FACTS

Debtor Guinevere Malley filed a chapter 13 petition on February 10, 2015. Her plan was confirmed on April 28, 2015. Neither Thee Aguila nor Pico Rivera were listed in the Debtor's schedules as creditors nor were they involved in the bankruptcy case in any way before Pico Rivera filed its motion to annul the stay.

On July 16, 2015, Thee Aguila obtained a $5,700,000 loan from Pico Rivera secured by a deed of trust on real property ("the Property"). In 2017, Thee Aguila defaulted on the loan. On May 24, 2017, Thee Aguila recorded a deed of trust with a face value of $2,000,000 in favor of Debtor, allegedly to secure a debt it owed the Debtor for past due legal fees. Debtor did not report the deed of trust to the bankruptcy court, nor did she amend her schedules to include the deed or the alleged obligation secured thereby.

On December 6, 2017, Pico Rivera held a foreclosure sale on the Property and gave notice of the sale to Debtor as a junior lienholder. Neither Debtor nor Thee Aguila objected to the sale or informed Pico Rivera of the bankruptcy. Pico Rivera purchased the Property by credit bid and obtained title. Pico Rivera later sold the Property to an unrelated third party in an arm's length sale.

After the foreclosure sale, years of state court litigation followed between Pico Rivera and both Thee Aguila and its principal, Henry Aguila.

2

At a 2020 deposition in that litigation, Henry Aguila stated that the foreclosure violated Debtor's automatic stay and that the violation impacted the sale. On November 10, 2020, Pico Rivera, seeking a comfort order, filed its motion to annul the stay. No one opposed the motion. A few days later, Thee Aguila, Henry Aguila, and Pico Rivera signed a settlement agreement, ending the years of state court litigation.

The bankruptcy court granted the motion to annul at the hearing on the matter, entering its order on December 10, 2020. On December 21, 2020, Thee Aguila filed a motion for reconsideration and a request to set aside the order annulling the stay. After hearing argument, the bankruptcy court denied the motion, finding that Thee Aguila, as a non-party to Debtor's bankruptcy, had no standing to move the bankruptcy court to reconsider the annulment order. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction to determine our jurisdiction, *Hupp v. Educ. Credit Mgmt. Corp (In re Hupp)*, 383 B.R. 476, 478 (9th Cir. BAP 2008), and we address our jurisdiction under 28 U.S.C. § 158 below.

## ISSUE

Should this appeal be dismissed for lack of standing?

## STANDARD OF REVIEW

We consider appellate standing de novo. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012).

## DISCUSSION

Thee Aguila does not contest the grounds for annulment, it only argues that it has standing to challenge the annulment order. At the hearing before this Panel, Thee Aguila decided not to argue and to rely solely on the arguments presented in its briefs.[2] Accordingly, our review is limited to whether Thee Aguila has standing to appeal the bankruptcy court's denial of its motion for reconsideration.

When an appellant lacks standing, we lack jurisdiction over the appeal. *Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (9th Cir. BAP 2000). An appellant must establish both constitutional and prudential standing. *See Veal v. Am. Home Mortg. Servicing, Inc.* (*In re Veal*), 450 B.R. 897, 907 n.11 (9th Cir. BAP 2011). At its core, the standing inquiry, in all its forms, "is an inherently factual inquiry into the nature of the rights asserted[.]" *Id.*

Constitutional standing is derived from the case and controversy requirement of Article III of the Constitution and requires a plaintiff to demonstrate "injury in fact, causation, and redressability." *Republic of*

---

[2] At the hearing, Thee Aguila asked this Panel to find that a decision on this appeal does not affect the settlement agreement between the parties. The settlement agreement is a separate matter not before us on appeal and we shall not, therefore, address it here.

*Marshall Islands v. United States*, 865 F.3d 1187, 1199 (9th Cir. 2017) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014)). To satisfy constitutional standing, Thee Aguila must demonstrate "'an invasion of a *legally* protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (emphasis added).

Thee Aguila has not established that it has constitutional standing. It has not identified any particularized or concrete injury arising from the annulment of the stay or the bankruptcy court's order denying reconsideration. Thee Aguila is neither the Debtor, nor a creditor of the Debtor or the bankruptcy estate. Thee Aguila is merely a non-party to the bankruptcy that sought to utilize Debtor's stay as a shield against the foreclosure of the Property. In sum, Thee Aguila had no legal right to protection from the automatic stay in Debtor's bankruptcy case and any decision to annul Debtor's stay cannot give rise to an invasion of a legally protected interest.[3]

Accordingly, because Thee Aguila lacks standing, this appeal must be dismissed.

## CONCLUSION

For these reasons we DISMISS this appeal for lack of jurisdiction.

---

[3] Because Thee Aguila cannot establish constitutional standing, we need not address prudential standing.