**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JULIETA JIMENEZ,<br><div align="center">Debtor.</div> | BAP No. CC-21-1089-LFS<br><br>Bk. No. 2:20-bk-20564-SK |
| JULIETA JIMENEZ,<br><div align="right">Appellant,</div><br>v.<br>ARCPE 1, LLP A/K/A ARCPE HOLDING,<br>LLC, c/o Wilshire Financial Network (W.F.<br>Loan Service),<br><div align="right">Appellee.</div> | Adv. No. 2:21-ap-01010-SK<br><br>**MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sandra R. Klein, Bankruptcy Judge, Presiding

Before: LAFFERTY, FARIS, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Former chapter 13[1] debtor Julieta Jimenez appeals the bankruptcy

court's dismissal with prejudice of her adversary proceeding against

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

appellee ARCPE 1, LLP A/K/A ARCPE HOLDING, LLC, c/o Wilshire Financial Network (W.F. Loan Service) ("ARCPE"). Debtor sought in that adversary proceeding a declaration that ARCPE had a "nonexistent claim" because of alleged deficiencies in the documentation attached to its proof of claim, among other things, and to have the lien removed and the automatic stay reimposed. Before Debtor filed the adversary proceeding, ARCPE had obtained relief from stay in Debtor's bankruptcy case and foreclosed on the real property securing its claim; the bankruptcy case was dismissed about two months later.

Because we cannot grant effective relief, we DISMISS this appeal as moot.

## FACTS

This appeal is yet another chapter in a years-long series of bankruptcy litigation and appeals involving Debtor and her husband, Javier Jimenez, and an individual named Victor Rivera. These individuals have filed multiple chapter 13 bankruptcy cases with the goal of thwarting foreclosure of liens on the Jimenezes' residence in Los Angeles, California (the "Property"). The case underlying this appeal was the fifth involving the Property.[2]

---

Civil Procedure.

[2] For a detailed recitation of this background, see *Jimenez v. ARCPE-1, LLP (In re Jimenez)*, BAP Nos. CC-20-1275-FSG & CC-21-1030-FSG, 2021 WL 3286341 (9th Cir. BAP Aug. 2, 2021), and *Jimenez v. ARCPE-1, LLP (In re Jimenez)*, 613 B.R. 537 (9th Cir. BAP 2020).

Debtor filed a chapter 13 bankruptcy case on November 30, 2020, one day before a scheduled foreclosure sale by ARCPE. The next day, ARCPE filed a proof of claim for $311,922, which stated that the debt was secured by a second deed of trust on the Property. ARCPE then promptly moved for relief from stay, which the bankruptcy court granted on December 9, 2020. The order granting relief from stay waived the 14-day stay under Rule 4001(a)(3) and provided that it would be effective for two years in any other bankruptcy case filed involving the Property. Debtor timely appealed the order but failed to request a stay pending appeal. ARCPE conducted its foreclosure sale on December 15, 2020, and a Trustee's Deed Upon Sale in favor of Donel Investments LLC was recorded January 11, 2021.

About a week after the recording, Debtor filed an adversary proceeding against ARCPE. The complaint sought (1) a declaration that ARCPE's lien was invalid and an order removing the lien, based on allegations of defects in the chain of title of the deed of trust; (2) disallowance of ARCPE's claim for failure to provide proper documentation; and (3) reimposition of the automatic stay.

On February 5, 2021, before the deadline to answer the complaint, the bankruptcy court dismissed Debtor's bankruptcy case with a 180-day bar to refiling. Debtor appealed. We subsequently affirmed both the order granting relief from stay and the dismissal order. *Jimenez v. ARCPE-1, LLP (In re Jimenez)*, BAP Nos. CC-20-1275-FSG & CC-21-1030-FSG, 2021 WL

3286341 (9th Cir. BAP Aug. 2, 2021). Debtor did not appeal either of those dispositions to the Ninth Circuit Court of Appeals, and they are final.

Shortly after the bankruptcy case was dismissed, ARCPE moved to dismiss the adversary proceeding under Civil Rule 12(b)(6), applicable via Rule 7012, for failure to state a claim upon which relief could be granted. ARCPE argued that the foreclosure had extinguished Debtor's right to file the complaint and that it was "too late." ARCPE also argued that the dismissal of Debtor's bankruptcy case mooted the relief requested in the adversary proceeding. Debtor filed an opposition, arguing that stay relief should not have been granted and alleging that the foreclosure was illegal, along with reiterating the main points of the adversary complaint. ARCPE filed a reply pointing out that none of Debtor's statements in her opposition were supported by evidence. Debtor filed an unauthorized surreply, which the bankruptcy court nonetheless considered.

At the hearing on the motion, the bankruptcy court rejected Debtor's substantive arguments. More importantly, the bankruptcy court pointed out that the complaint contained two fundamental flaws: (1) it ignored the fact that the Property had been foreclosed upon and was no longer property of the estate; and (2) the challenge to ARCPE's standing to file a proof of claim became moot once the bankruptcy case was dismissed. Finally, the court noted that to the extent the complaint sought to undo the order granting relief from stay, the adversary proceeding was not the appropriate method, and any challenges to that order would be addressed

4

in the appeal before this Panel that was then pending. Moreover, the court's ruling on relief from stay was law of the case, and there were no grounds to reconsider it.

For these reasons, the bankruptcy court found that the complaint did not state a claim upon which relief could be granted, and leave to amend would be futile because Debtor no longer had any legal interest in the Property. It thus granted the motion to dismiss with prejudice.

Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (K). We have jurisdiction to determine our jurisdiction, *Hupp v. Education Credit Management Corp. (In re Hupp)*, 383 B.R. 476, 478 (9th Cir. BAP 2008), and address our jurisdiction under 28 U.S.C. § 158 below.

## ISSUE

Should this appeal be dismissed as moot?

## STANDARD OF REVIEW

Mootness is a question of law that we review de novo. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007).

## DISCUSSION

"We lack jurisdiction over a moot appeal. An appeal is moot if, at the time it is pending, the issues do not present a live case or controversy. The test for mootness is whether the appellate court can grant effective relief to

appellant if appellant prevails on appeal." *In re Jimenez*, 613 B.R. at 544 (citations omitted).

We agree with the bankruptcy court that the foreclosure sale and dismissal of Debtor's bankruptcy case mooted the adversary proceeding. This appeal is moot for the same reasons. Even if we were to reverse the bankruptcy court's decision to dismiss the complaint without leave to amend, it would not afford any relief to Debtor. The foreclosure sale and the dismissal of the bankruptcy case divested Debtor of her ownership interest and removed the Property from the estate, thus eliminating bankruptcy court jurisdiction to adjudicate matters involving the Property. Moreover, foreclosure extinguished ARCPE's lien, eliminating any basis upon which Debtor could contest the validity of the lien or object to ARCPE's proof of claim.

On appeal, Debtor failed to make any relevant arguments or assert any basis for concluding that reversal of the bankruptcy court's order would afford her any relief. She contended that the foreclosure sale was illegal, based on an alleged comment by the state court judge presiding over unlawful detainer proceedings. Debtor also rehashed the allegations and requests for relief in her complaint. In her reply brief, Debtor accused Judge Klein of racial discrimination and bribery and complains that the court should not have granted relief from stay because Debtor presented proof of insurance that the court would not consider. But the bankruptcy court's ruling on relief from stay is not before us. And nothing in the record

supports Debtor's discrimination and bribery accusations, which are entirely inappropriate. A court's adverse ruling is not evidence of bias or other wrongdoing. *See Sepehry-Fard v. U.S. Bank, N.A. (In re Sepehry-Fard)*, BAP Nos. NC–17–1118–BTaF & NC–17–1123–BTaF, 2018 WL 2709718, at *7 (9th Cir. BAP Jun. 5, 2018).[3]

## CONCLUSION

Because we cannot afford Debtor any effective relief, we lack jurisdiction, and this appeal is DISMISSED AS MOOT.

---

[3] At oral argument, Debtor requested that the Panel remove ARCPE's lien, but for the reasons explained above, we have no ability to do so.