NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: YAN SUI, | No. 22-60054 |
| Debtor. | BAP No. 22-1189 |
| ------------------------------ | |
| YAN SUI; PEI-YU YANG, | MEMORANDUM* |
| Appellants, | |
| v. | |
| RICHARD A. MARSHACK, Chapter 7 Trustee; MARSHACK HAYS LLP; GOODRICH LAW CORPORATION; DENTONS US, LLP, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Faris, and Spraker, Bankruptcy Judges, Presiding

Submitted March 20, 2024**
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants Yan Sui and Pei-Yu Yang appeal pro se an order from the Bankruptcy Appellate Panel of the Ninth Circuit (BAP) denying their motion to "reinstate" jurisdiction after the district court declined to file a transferred appeal. We have jurisdiction under 28 U.S.C. § 158(d). Reviewing decisions of the BAP de novo, *see In re Hutchinson*, 15 F.4th 1229, 1232 (9th Cir. 2021), we affirm.

Sui and Yang initially appealed the bankruptcy court's order granting Appellees' Chapter 7 Trustee Richard A. Marshack, Marshack Hays LLP, Goodrich Law Corporation, and Dentons US LLP's (collectively, Appellees) motions for compensation to the BAP. The Trustee elected to have the appeal heard by the district court pursuant to 28 U.S.C. §158(c)(1), and the BAP transferred the appeal. The district court declined to file the appeal based on a pre-filing review order that, *inter alia*, ordered the clerk of that court to reject any filings from Sui and Yang that either "arise from the same nucleus of operative facts," or "expressly or implicitly seek to challenge any order previously entered" in various cases filed by Sui and Yang in the Bankruptcy, Superior, or District Court. Sui and Yang filed a motion in the BAP to reinstate jurisdiction, which the BAP denied on October 24, 2022.

As an initial matter, the BAP properly transferred the appeal to the district court based on the Trustee's statement of election. The Trustee's election was made in a separate writing on the appropriate form, and was not "joined with any

2

other material," *In re Hupp*, 383 B.R. 476, 480 (B.A.P. 9th Cir. 2008). Yang and Sui do not argue that the substance of their appeal of the fees order complied with the district court's pre-filing review order, or that the district court improperly refused to file it.

To the extent that Sui and Yang challenge the sale of the property, the appeal is an improper collateral attack on a final order.[1] "The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001). Sui and Yang have continued to challenge the bankruptcy court's order granting the sale of the residence, which has been resolved by both the BAP and this court. Further, any challenge to the reasonableness of the bankruptcy court's compensation award is not properly before this court. *See Nat'l Am. Ins. Co. of Cal. v. Certain Underwriters at Lloyd's London,* 93 F.3d 529, 540 (9th Cir. 1995) (this court does not have jurisdiction over "[o]rders that could not have affected the outcome, i.e., orders not material to the judgment"); *see also* 28 U.S.C. § 158 (establishing

---

[1] By challenging the sale of the residence, Sui also violates this court's pre-filing review order against him in Case Number 17-80091, which requires compliance with Ninth Circuit and Federal Rules, a notice regarding the applicability of the pre-filing review order, and a statement that issues raised on appeal have not been previously raised.

jurisdiction in the BAP and district courts over bankruptcy court orders).[2]

**AFFIRMED.**

---

[2] We decline Appellees' request to impose discretionary sanctions under Federal Rule of Appellate Procedure 38. *See McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) ("This court has discretion to award damages and single or double costs as a sanction against bringing a frivolous appeal.").